47 P.3d 666

**STATE of Arizona, Appellant,**

v.

**James Earl CHRISTIAN, Appellee.**

**No. 1 CA–CR 00–0654.**

Court of Appeals of Arizona,
Division 1, Department C.

May 23, 2002.

As Corrected June 18, 2002.

Richard M. Romley, Maricopa County Attorney by Diane Gunnels Rowley, Deputy County Attorney, Phoenix, for Appellant.

James J. Haas, Maricopa County Public Defender by M. Daniel Evans, Deputy Public Defender, Phoenix, for Appellee.

## OPINION

THOMPSON, Judge.

¶ 1 The State of Arizona appeals the sentence imposed on James Earl Christian (defendant) for defendant's conviction for theft of a means of transportation. The state contends that the trial court erroneously concluded that a prior drug possession conviction under Arizona Revised Statutes (A.R.S.) § 13–901.01 (2001), which is the partial codification of the initiative popularly known as Proposition 200, could not constitute a historical prior felony conviction under A.R.S. § 13–604(V)(1)(2001) for purposes of sentence enhancement.[1] The state asserts that the sentence imposed was therefore illegally lenient. Because we conclude that a conviction under Proposition 200 for narcotics possession under the threshold amount can be a historical prior felony conviction, we vacate defendant's sentence and remand for resentencing.

### FACTS

¶ 2 Defendant was convicted of theft of a means of transportation, a class three felony. The state alleged and defendant admitted two prior convictions—one for theft committed on June 30, 1995, and the other for possession of a narcotic drug, a class four felony, committed on March 19, 1999. The 1999 conviction was a Proposition 200 offense.[2] The state also alleged, and the court found, that defendant committed the instant offense while on probation for the drug offense.

¶ 3 Defendant argued that A.R.S. § 13–604(V)(1) excludes from the definition of historical prior felony convictions a Proposition 200 conviction involving drugs below the threshold amount. *See* A.R.S. § 13–3401(36)(2001). Consequently, according to defendant, his prior drug offense could not be used to enhance his sentence on this conviction. Over the state's objection, the trial court agreed.

¶ 4 Because defendant committed the instant offense while on probation for the drug offense, the trial court was required to sentence defendant to a presumptive term under A.R.S. § 13–604.02(B)(2001). The court expressed concern that the presumptive sentence for controlling a vehicle enhanced by two historical prior convictions would be "harsh" at 11.25 years in prison. The court concluded that, under the circumstances, enhancing defendant's sentence with the prior Proposition 200 offense would be contrary to the intent of the law. Thus, the court found just one historical prior felony conviction and sentenced defendant to a presumptive term of six and one-half years in prison. The sentence for a class three felony with two historical felonies would have been 11.25 years. The state timely appealed the sentence imposed and we have jurisdiction.

### DISCUSSION

¶ 5 To determine whether a drug conviction is a historical prior felony will require the interpretation of A.R.S. §§ 13–901.01 and 13–604(V)(1). Statutory construction is a question of law, which we review de novo. *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). Our goal in interpreting statutes is to give effect to the intent of the drafters. *Id.* To that end, we look first to the plain language of the stat-

---

1. The history of Proposition 200 and the subsequent enactment of A.R.S. § 13–901.01 is discussed in *Calik v. Kongable*, 195 Ariz. 496, 990 P.2d 1055 (1999). The stated purpose of Proposition 200 was to change Arizona's drug policy by treating non-violent drug abuse as a medical problem to be handled by treatment and education, rather than incarceration. *Foster v. Irwin*, 196 Ariz. 230, 231, 995 P.2d 272, 273 (2000); *see also* Text of Proposed Amendment §§ 2–3, Proposition 200, 1996 Ballot Propositions.

2. The parties refer interchangeably to prior convictions under Proposition 200 and prior convic-

tions for which the amount of drugs was less than the threshold amount. These are not interchangeable terms. We note that A.R.S. § 13–901.01 makes no reference to a threshold amount of drugs. An offense pursuant to that statute could therefore involve drugs in excess of the threshold amount. Similarly, non-Proposition 200 offenses can involve drugs below the threshold amount. *See, e.g.,* A.R.S. §§ 13–3405(A)(2)–(4), (C)(2001); –3407(A)(2)–(7), (D)(2001); –3408(A)(2)–(7), (D)(2001). For the purpose of the following analysis, however, the distinction is not significant.

utes as the most reliable indicator of the meaning. *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). If the language is clear, we must follow the text as written, without employing other rules of statutory construction. *State v. Riggs,* 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997).

¶ 6 The state correctly asserts that nothing in the language of A.R.S. § 13–901.01 precludes a conviction under that section from being used as a historical prior felony conviction to enhance punishment of a subsequent offense under A.R.S. § 13–604(V)(1). The state also asserts that A.R.S. § 13–604(V)(1) contains no language that excludes convictions under A.R.S. § 13–901.01 from use as historical prior felony convictions and that the language of the statute, in fact, includes such felonies if committed within the preceding five years. *See* A.R.S. § 13–604(V)(1)(c).

¶ 7 Section 13–901.01 provides that a trial court must suspend sentence and impose probation and treatment for any first or second drug possession offense.[3] A.R.S. § 13–901.01(A), (D), (F). The statute precludes from its benefits those who have been convicted of or indicted for a violent crime and those who have two prior drug offenses. A.R.S. § 13–901.01(B), (G); *see Goddard v.*

*Superior Court,* 191 Ariz. 402, 405, ¶ 14, 956 P.2d 529, 532 (App.1998).

¶ 8 Although A.R.S. § 13–901.01 addresses the effect of a person's prior convictions on that person's eligibility for the benefits of the statute, it is silent as to whether a conviction pursuant to the statute can be used to enhance punishment for a subsequent conviction for a different offense. Defendant argues that the drafters could not logically have intended to mandate probation for first and second convictions for personal drug use, but allow those convictions to be used to enhance punishment for subsequent offenses. Nothing in the statute, however, supports defendant's position. The statute is unambiguous on this point. We find no language in A.R.S. § 13–901.01, and defendant has directed us to none, that suggests that a conviction for a first or second personal drug use offense under that statute is to be treated any differently than a prior conviction for any other offense for enhancement purposes under A.R.S. § 13–604(V)(1).

¶ 9 Section 13–604(V)(1) defines "historical prior felony conviction" for sentence enhancement purposes. The statute states, in pertinent part:

---

**3.** The complete text of A.R.S. § 13–901.01 is as follows:

A. Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.

B. Any person who has been convicted of or indicted for a violent crime as defined in § 13–604.04 is not eligible for probation as provided for in this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.

C. Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale, production, manufacturing or transportation for sale of any controlled substance.

D. If a person is convicted of personal possession or use of a controlled substance as defined in § 36–2501, as a condition of probation, the court shall require participation in an appropriate drug treatment or education program administered by a qualified agency or organization that provides such programs to persons who abuse controlled substances. Each person enrolled in a drug treatment or education program shall be required to pay for participation in the program to the extent of the person's financial ability.

E. A person who has been placed on probation under the provisions of this section and who is determined by the court to be in violation of probation shall have new conditions of probation established by the court. The court shall select the additional conditions it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other such sanctions short of incarceration.

F. If a person is convicted a second time of personal possession or use of a controlled substance as defined in § 36–2501, the court may include additional conditions of probation it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest or any other action within the jurisdiction of the court.

G. A person who has been convicted three times of personal possession or use of a controlled substance as defined in § 36–2501 is not eligible for probation under the provisions of this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.

V. As used in this section:

1. "Historical prior felony conviction" means:

(a) Any prior felony conviction for which the offense of conviction:

(i) Mandated a term of imprisonment except for a violation of chapter 34 of this title involving a drug below the threshold amount; or

. . . .

(c) Any class 4, 5, or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense. Any time spent incarcerated is excluded in calculating if the offense was committed within the preceding five years.

A.R.S. § 13–604(V)(1).

¶ 10 The state contends that defendant's prior class four narcotics possession conviction is a "historical prior felony conviction" as that term is defined in A.R.S. § 13–604(V)(1)(c). Defendant argues that the language "except the offenses listed in subdivision (a) of this paragraph" in that subsection excludes defendant's prior drug conviction because, according to defendant, drug convictions involving less than the threshold amount are listed in subsection 13–604(V)(1)(a)(i) and are therefore excluded from subsection 13–604(V)(1)(c). Defendant essentially contends that below-threshold drug offenses are excluded from subsection 13–604(V)(1)(a) so that they cannot be considered historical prior felony convictions under that subsection, but that they are included under that same subsection for the purpose of excluding them under subsection 13–604(V)(1)(c). A careful reading of the statute demonstrates that defendant's interpretation is incorrect. Offenses involving drugs below the threshold amount and convictions under Proposition 200 are excluded under subsection 13–604(V)(1)(a) and included in subsection 13–604(V)(1)(c).

¶ 11 Subsection 13–604(V)(1)(a) lists those prior felony convictions that remain historical prior felony convictions regardless of when they were committed. Among those listed are convictions for which prison was mandated, with the exception of those for drug offenses involving less than the threshold amount. A.R.S. § 13–604(V)(1)(a)(i). In other words, even where a prison sentence was mandatory, prior drug offenses involving less than the threshold amount are expressly excluded from subsection 13–604(V)(1)(a). Moreover, convictions under A.R.S. § 13–901.01, for which probation is mandatory, are clearly excluded from A.R.S. § 13–604(V)(1)(a)(i) regardless of the amount of drugs involved because subsection 13–604(V)(1)(a)(i) applies only to prior convictions that mandated imprisonment.

¶ 12 Subsection 13–604(V)(1)(c) includes in the definition of a historical prior felony conviction all class four, five, and six felonies committed within the five years preceding the instant offense, except those listed[4] in subsection 13–604(V)(1)(a), which, as already discussed, are historical prior felony convictions regardless of when they were committed. Because convictions for drug offenses involving drugs below the threshold amount and convictions under Proposition 200 are expressly excluded from subsection 13–604(V)(1)(a)(i), they are not listed under subsection 13–604(V)(1)(a), and so do not constitute an exception under subsection 13–604(V)(1)(c).

¶ 13 The parties do not dispute that defendant's prior drug offense was committed on March 19, 1999, and involved possession of narcotics, a class four felony, for which he was placed on probation. Because the prior offense was committed within the five years preceding the instant conviction, and because nothing in the language of either A.R.S. §§ 13–901.01 or 13–604(V)(1) precludes its use to enhance punishment of a subsequent conviction, the prior conviction

---

4. As the dissent indicates, we disagree with our colleague over this word, "listed." The list which A.R.S. § 13–604(V)(1)(a) provides is of those prior felonies which will enhance the present sentence without regard to when the prior was committed. The statute expressly excludes drug offenses involving small quantities from the list. Section 13–604(V)(1)(c) excepts the offenses "listed" under A.R.S. § 13–604(V)(1)(a) so that the use of the priors so "listed" is not precluded by a five-year time limit.

qualifies as a historical prior felony conviction under subsection 13–604(V)(1)(c).[5] Therefore, the trial court's ruling that defendant's prior drug conviction could not be used to enhance defendant's sentence was erroneous as a matter of law.

¶ 14 We recognize the trial court's concern, and indeed the prosecutor's concurrence, that the required sentence may be harsh under the circumstances. Nevertheless, the court must impose the sentence mandated by the legislature. *See* A.R.S. § 13–604(D)(a person convicted of a class three felony who has two or more historical prior felony convictions "shall be sentenced to imprisonment as prescribed in this subsection"); A.R.S. § 13–604.02(B) (a person convicted of a felony offense committed while on probation "shall be sentenced to a term of not less than the presumptive sentence authorized for the offense"); *State v. Bly*, 127 Ariz. 370, 372, 621 P.2d 279, 281 (1980) ("Unless the punishment is so severe as to be disproportionate to the crime, the judiciary has discretion only to the extent provided by the legislature.") (citation omitted). Further, this result does no violence to the intent of Proposition 200 to treat drug abuse.

¶ 15 The trial court may, of course, if it deems it appropriate, enter a special order pursuant to A.R.S. § 13–603(L)(2001) allowing defendant to petition the board of executive clemency for a commutation of sentence.

### CONCLUSION

¶ 16 Defendant's sentence is vacated, and the matter is remanded for resentencing.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge.

FIDEL, Judge, concurring in part and dissenting in part.

¶ 17 Like my colleagues, I conclude that A.R.S. § 13–901.01 has no bearing on this case. My colleagues point out that nothing in the literal wording of the statute precludes a conviction for personal drug possession from serving as a prior conviction to enhance

the sentence for a later, different sort of crime. Neither, I would add, does such a consequence contravene the statutory purpose.

¶ 18 In the past, Arizona courts have rejected literal interpretations of § 13–901.01 that would have violated the statutory purpose and brought about an "absurd" or "illogical" result. *See, e.g., Calik*, 195 Ariz. at 499, ¶ 12, 990 P.2d at 1058; *Stubblefield v. Superior Court*, 197 Ariz. 382, 383, ¶ 6, 4 P.3d 437, 438 (App.2000); *Goddard*, 191 Ariz. at 404, ¶ 8, 956 P.2d at 531. This is not such a case. The statutory purpose is to assure court-supervised treatment for nonviolent persons convicted of personal drug use or possession and to free prison space for violent offenders. *See* Proposition 200, § 3(C), (E). Defendant's present crime, however, is not personal drug use or possession, but theft of a means of transportation. And it is neither absurd nor illogical nor contrary to statutory purpose to conclude that a person convicted of drug possession and afforded the benefits of § 13–901.01 may later face sentence-enhancing consequences from that crime if he moves on to crimes such as auto theft that are beyond the remedial ambit of § 13–901.01.

¶ 19 The subject of my disagreement with the majority is, accordingly, not its interpretation of § 13–901.01, but rather its interpretation of § 13–604(V)(1). My colleagues profess to apply "the plain language of the [statute] as the most reliable indicator of [its] meaning." *Supra* ¶ 5. But in practice they do just the reverse.

¶ 20 Section 13–604(V)(1) is quoted by the majority in ¶ 9, *supra*. We disagree over the meaning of the word "listed" in subdivision (V)(1)(c). That subdivision categorizes as an "historical prior felony conviction" (one with present sentence-enhancing consequences) a prior conviction for "[a]ny class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense." A.R.S.

---

**5.** We have employed the rule of construction supplied by A.R.S. § 13–104(2001) that "the provisions herein must be construed according to the fair meaning of their terms...." We therefore do not, as does the dissent, apply a "rule of lenity."

§ 13–604(V)(1)(c). As Defendant had been convicted of a class 4 narcotics possession felony within five years preceding the present offense, his conviction qualifies as an historical prior unless it falls among the "offenses *listed* in subdivision (a)."

¶ 21 To examine whether Defendant's prior offense falls among those listed in subdivision (a), we look specifically to part (a)(i), which defines as an "historical prior felony conviction" any prior felony conviction for which the law "[m]andated a term of imprisonment *except for a violation of chapter 34 of this title involving a drug below the threshold amount.*" A.R.S. § 13–604(V)(1)(a)(i) (emphasis added and footnote omitted).

¶ 22 Subdivision (a)(i), in structure and effect, divides offenses subject to mandatory imprisonment into two categories: (1) violations of Chapter 34 involving drugs below the threshold amount; and (2) all other offenses subject to mandatory imprisonment. Offenses in the first category do not qualify as historical priors; offenses in the second category do qualify as historical priors. Offenses of both types, however, are identified and categorized by subdivision (a)(i). And because Defendant's prior offense, one within the first category, is explicitly categorized in subdivision (a)(i), the conclusion follows, it seems to me, that it is one *listed* in subdivision (a).

¶ 23 "List," as used in this statute, means "enumerate," "include on a list," or "place ... in a specified category." *See* Webster's Ninth New Collegiate Dictionary 697 (1985). And subdivision (a)(i) indeed enumerates Defendant's prior offense, includes it, and places it in a specified category: the set of offenses designated as exceptions to the historical prior treatment otherwise accorded to offenses subject to mandatory imprisonment.

¶ 24 My colleagues, in effect, amend A.R.S. § 13–604(V)(1)(c) to refer to "[a]ny class 4, 5 or 6 felony, except the offenses [**categorized as historical prior felonies**] in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offence." That, however, is not the present wording of the statute. The statute refers only to listed of-

fenses, and Defendant's prior offense is listed there.

¶ 25 I acknowledge that the legislature might have plausibly chosen to treat subthreshold Chapter 34 violations as historical priors if committed within the past five years. But the legislature might also have plausibly chosen otherwise, regarding such offenses as insufficiently grave to require mandatory enhancement, and better left as potential aggravating factors within the discretion of the trial judge. *See* A.R.S. § 13–702(C)(11) (permitting the sentencing judge to consider as an aggravating factor a felony conviction within the ten years immediately preceding the date of the offense).

¶ 26 The question before us, in any event, is not what the legislature might plausibly have done, but what it did do. Because the best indication on this point is, indeed, the plain language of the statute, I would resist the temptation to judicially amend the statute as my colleagues have done. I would hold instead that Defendant's prior offense is listed in subdivision (a)(i) and, accordingly, does not qualify as an historical prior under subdivision (c).

¶ 27 I would add as a final note that I think the statute unambiguous on this issue. But if any ambiguity can be attributed to the statute, that ambiguity should be resolved in accordance with the rule of lenity. As our supreme court has recently reaffirmed, "When a statute is 'susceptible to more than one interpretation, the rule of lenity dictates that any doubt should be resolved in favor of the defendant.'" *State v. Tarango,* 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996) (quoting *State v. Pena,* 140 Ariz. 545, 549–50, 683 P.2d 744, 748–49 (App.1983)).

¶ 28 For the foregoing reasons, I concur in the majority's interpretation of A.R.S. § 13–901.01, but respectfully dissent from its ultimate holding and its interpretation of A.R.S. § 13–604(V)(1).