49 P.3d 1142

**STATE of Arizona, ex rel., Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

**v.**

**The Honorable Gregory MARTIN and the Honorable Jonathan H. Schwartz, Judges of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judges,**

**Cruz Olivas Landeros and Steven P. Steadman, Real Parties in Interest.**

**Nos. 1 CA–SA02–0125, 1 CA–SA02–0126.**

Court of Appeals of Arizona, Division 1, Department D.

July 23, 2002.

Richard M. Romley, Maricopa County Attorney by Diane Gunnels Rowley, Attorneys for Petitioner.

James Haas, Maricopa County Public Defender by Christopher V. Johns, Attorneys for Cruz Olivas Landeros.

James T. Myres, Attorney for Steven P. Steadman.

## OPINION

PATTERSON, Judge.

¶ 1 The state asks this court for special action relief to reverse the trial courts' orders ruling that prior felony convictions for first and second time offenders sentenced under Arizona Revised Statutes ("A.R.S.") section 13–901.01 (2001) [1] are non-felonies for impeachment purposes under Arizona Rule of Evidence 609. We deny relief.

## BACKGROUND

¶ 2 This is a consolidation of two cases that raise the same issue. The state charged Steven P. Steadman with theft of a means of transportation, a class 3 felony, and Cruz Olivas Landeros with knowingly possessing narcotic drugs for sale, a class 2 felony. Subsequently, the state filed allegations against Steadman and Landeros (collectively "defendants") for prior felony convictions,

which were sentenced under A.R.S. § 13–901.01. Defendants moved to preclude the state from using the prior felony convictions for impeachment purposes, and the trial courts granted the motions ruling that convictions sentenced under § 13–901.01 are not felonies, and therefore, not proper for impeachment purposes. The state timely filed these special action petitions.

## ISSUE

¶ 3 Under Arizona Rule of Evidence 609(a)(1), can the state impeach a defendant with a prior felony conviction sentenced under A.R.S. § 13–901.01?

## SPECIAL ACTION JURISDICTION

¶ 4 Our special action jurisdiction is discretionary. *State ex rel. Romley v. Hutt*, 195 Ariz. 256, 259, ¶ 5, 987 P.2d 218, 221 (App.1999). Special action jurisdiction is proper when the party has no plain, adequate or speedy remedy by appeal. Ariz. R.P. Spec. Act. 1(a); *Luis A. v. Bayham–Lesselyong*, 197 Ariz. 451, 453, ¶ 2, 4 P.3d 994, 996 (App.2000). Special action jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again. *Luis A.*, 197 Ariz. at 452–53, ¶ 2, 4 P.3d at 995–96.

¶ 5 Whether prior felony convictions sentenced under § 13–901.01 may be used to impeach defendants presents a purely legal question involving statutory interpretation. There is no adequate remedy by appeal, because the state's request involves using the prior felony convictions during trial for impeachment. Moreover, the issue is one of first impression, of statewide importance and likely to recur because of variances in superior court rulings. We, therefore, accept jurisdiction.

---

1. A.R.S. § 13–901.01 is a voter approved initiative proposal more commonly known as Proposition 200, the Drug Medicalization, Prevention, and Control Act. Section 13–901.01 requires courts to suspend sentencing and impose probation with drug treatment for first and second time offenders of personal possession or use of a controlled substance. *Calik v. Kongable*, 195 Ariz. 496, 497, ¶ 2, 990 P.2d 1055, 1056 (1999).

## DISCUSSION

¶ 6 The state argues that our decision in *State v. Christian*, 202 Ariz. 462, 47 P.3d 666 (2002), applies here, and therefore, felony convictions sentenced under § 13–901.01 are proper impeachment evidence under Rule 609. Defendants assert that Rule 609 prohibits the use of felony convictions sentenced under § 13–901.01 for impeachment purposes because the offense must "result" in punishment by death or imprisonment in excess of one year. We decline to read the rule as narrowly as defendants suggest, but agree that convictions under § 13–901.01 cannot be used for impeachment purposes.

¶ 7 In *Christian*, this court ruled that a conviction sentenced under § 13–901.01 meets the requirements of a "historical prior felony conviction" for sentence enhancement purposes under A.R.S. § 13–604. 202 Ariz. at 465–66, ¶ 13, 47 P.3d at 669–70. In accordance with *Christian*, we find nothing in § 13–901.01 to indicate that the resulting conviction remains anything but a felony conviction. Under Rule 609, however, a felony conviction alone is not dispositive for impeachment purposes. *See* Ariz. R. Evid. 609.

¶ 8 We begin with the presumption that all felony convictions are relevant to the credibility of the witness. *See State v. Malloy*, 131 Ariz. 125, 127, 639 P.2d 315, 317 (1981). The fact that a witness has a prior conviction calls into question the witness's credibility. *State v. Tucker*, 157 Ariz. 433, 448, 759 P.2d 579, 594 (1988). All felony convictions, however, may not be used for impeachment. Rule 609 limits which felony convictions may be used for impeachment purposes. It states in pertinent part that prior felony convictions may be used for impeachment purposes if the probative value outweighs the prejudicial effect and if the crime "was punishable by death or imprisonment in excess of one year." [2] Ariz. R. Evid. 609(a)(1). Although convictions sentenced under § 13–901.01 are

felony convictions, and therefore go to the credibility of the witness, the requirements in Rule 609 must be met before the felony conviction may be used for impeachment purposes. Defendants' prior felony convictions cannot be used for impeachment in this matter because they do not meet Rule 609(a)(1) requirements; no imprisonment [3] potential existed here.

¶ 9 The state asserts that courts have allowed impeachment with prior felony convictions when the defendant received probation or was given an undesignated felony conviction; therefore, the actual punishment given is irrelevant. *See State v. Tyler*, 149 Ariz. 312, 315, 718 P.2d 214, 217 (App.1986) (impeachment allowed even though defendant placed on probation for the prior offenses); *see also State v. Tuzon*, 118 Ariz. 205, 209, 575 P.2d 1231, 1235 (1978) (impeachment by a prior conviction of open-ended second-degree burglary was proper); *State v. Soule*, 121 Ariz. 505, 507–08, 591 P.2d 993, 995–96 (App.1979) (open-ended conviction considered a felony for purposes of impeachment). We find this argument unpersuasive. In the cases cited by the state, imprisonment in the department of corrections was a possible sentence, which the trial court, in its discretion, chose not to impose. Under § 13–901.01, however, imprisonment is not available because probation is mandatory for the first two convictions. *See* A.R.S. § 13–901.01. Therefore, because felony convictions sentenced under § 13–901.01 fail to meet the requirements of Rule 609(a)(1), we find that the trial court properly denied the state's request to use felony convictions sentenced under § 13–901.01 for impeachment purposes.

## CONCLUSION

¶ 10 For the foregoing reasons, we deny the state's request for special action relief.

---

2. We only address the limitations set out in Rule 609(a)(1) because that is the issue presented on special action. Rule 609 expresses other limitations which are not addressed in this special action.

3. Although imprisonment in general means incarceration in jail or prison, *State v. Sanchez*, 191 Ariz. 418, 420, 956 P.2d 1240, 1242 (App.

1997), we use the term "imprisonment" here to mean "imprisonment in excess of one year." Under § 13–901.01(F), the court may impose jail time as an additional condition of probation pursuant to § 13–901(F), but a jail sentence is not "imprisonment in excess of one year" as required under Rule 609.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and JOHN C. GEMMILL, Judge.