54 P.3d 368

STATE of Arizona, Appellee,

v.

Brian THUES, Appellant.

No. 1 CA–CR01–1015.

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 24, 2002.

Review Granted Feb. 11, 2003.

Janet Napolitano, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Jon G. Anderson, Assistant Attorney General, Phoenix, for Appellee.

James Haas, Maricopa County Public Defender By Charles R. Krull, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

TIMMER, Presiding Judge.

¶ 1 In *State v. Christian*, 202 Ariz. 462, 465–66, ¶ 13, 47 P.3d 666, 669–70 (App.2002), we recently held that a first or second conviction for drug possession, for which the offender received a sentence of mandatory probation under "Proposition 200," Arizona Revised Statutes ("A.R.S.") section 13–901.01 (Supp. 2000), constitutes a "historical prior felony conviction" that enhances a sentence imposed for a subsequent conviction. Following *Christian*, and for additional reasons, we decide today that a defendant's previous conviction for possession of drug paraphernalia, a Proposition 200 offense, also constitutes a historical prior felony conviction for purposes of sentence enhancement.

## BACKGROUND

¶ 2 The State charged Brian Thues with theft of means of transportation, a class three felony, in violation of A.R.S. § 13–1814, and alleged that he had three historical prior felony convictions. During a trial to the court in October, 2001, Thues admitted the three alleged prior convictions, as well as a fourth. The court ultimately convicted Thues of the charge.

¶ 3 At the sentencing hearing held in November, the parties stipulated that Thues would admit his "most current" historical prior felony conviction in exchange for the State's agreement to dismiss its allegations regarding the other prior convictions. Consequently, Thues admitted a previously unidentified 1998 conviction for possession of drug paraphernalia, a class six felony, and the court dismissed the State's allegations concerning the remaining prior convictions. The court then found that Thues had one historical prior felony conviction and sentenced him to a mitigated term of five years' imprisonment. This appeal followed.

## DISCUSSION

¶ 4 Thues argues the trial court erred by designating his 1998 drug paraphernalia conviction a historical prior felony conviction under A.R.S. § 13–604(B)[1] to enhance his sentence for theft of means of transportation. Because Thues failed to raise this issue to the trial court, we review only for fundamental error.[2] *State v. Hernandez*, 170 Ariz. 301, 307, 823 P.2d 1309, 1315 (App.1991). Imposition of an illegal sentence constitutes fundamental error. *State v. Cox*, 201 Ariz. 464, 468, ¶ 13, 37 P.3d 437, 441 (App. 2002). Thus, if the court erroneously used Thues' prior drug para-

phernalia conviction to enhance his sentence for theft of means of transportation, we must vacate that sentence.

¶ 5 Shortly after the parties filed their briefs in this matter, we issued our decision in *Christian*, 202 Ariz. 462, 47 P.3d 666. In that case, the trial court had concluded that a prior drug possession conviction subject to sentencing under Proposition 200 could not constitute a historical prior felony conviction for purposes of sentence enhancement. *Id.* at 463, ¶ 3, 47 P.3d at 667. The court based the ruling on its conclusion that the legislature crafted its definition of "historical prior felony offense" in A.R.S. § 13–604(V)(1) to exclude convictions for Proposition 200 offenses. *Id.* This court disagreed with the trial court's construction of § 13–604(V)(1) and held that a first or second conviction for possession of illegal drugs for personal use constitutes a prior felony conviction for purposes of sentence enhancement. *Id.* at 465–66, ¶ 13, 47 P.3d at 669–70; *see also State ex rel. Romley v. Martin*, 203 Ariz. 46, 49 P.3d 1142, 378 Ariz. Adv. Rep. 100, ¶ 7 (July 23, 2002) (reiterating holding in *Christian* ).

¶ 6 The sentencing provisions of Proposition 200 also apply to first and second convictions for possession of drug paraphernalia for personal use, *State v. Estrada*, 201 Ariz. 247, 252, ¶ 24, 34 P.3d 356, 361 (2001), and the reasoning and holding in *Christian* therefore apply with equal weight to such convictions. Our inquiry does not end with a citation to *Christian*, however, because Thues raises a different argument than the one proffered in that case. We now turn to that contention.

¶ 7 The legislature defined "historical prior felony conviction," in pertinent part, as "[a]ny class 4, 5 or 6 felony ... that was committed within the five years immediately

---

1. Section § 13–604(B), A.R.S., provides, with exceptions, that a person convicted of a class two or three felony, and who has a historical prior felony conviction, shall be sentenced to a term of imprisonment as prescribed in that subsection and shall not be eligible for suspension of sentence, probation, pardon, or release from confinement except under specified circumstances.

2. We reject the State's contention that we are precluded from conducting a fundamental error review because Thues admitted the 1998 drug paraphernalia conviction and therefore invited

error. *See State v. Logan*, 200 Ariz. 564, 566, ¶ 11, 30 P.3d 631, 633 (2001) (holding if party injects error in trial proceedings appellate court will not consider whether alleged error is fundamental). Thues admitted the prior conviction pursuant to a stipulation with the State. The record does not reflect which party proposed the stipulation and therefore served as the source of the alleged error. *See id.* Under these circumstances, we cannot say that Thues injected error in the sentencing proceedings.

preceding the date of the present offense." A.R.S. § 13–604(V)(1)(c). Section 13–105(16) provides that unless the context otherwise requires, " 'felony' means an offense for which a sentence to a term of imprisonment in the custody of the state department of corrections is authorized by any law of this state." A.R.S. § 13–105(16) (2001). Thues seizes on this latter definition and argues that because the legislature did not authorize imprisonment for a first or second conviction for possession of drug paraphernalia, the offense is not a "felony" and, therefore, cannot be considered a historical prior felony conviction. The State responds that the legislature intended possession of drug paraphernalia to be a felony offense regardless of the application of Proposition 200.

¶ 8 To determine legislative intent, we look first to a statute's language, *Calmat of Ariz. v. State ex rel. Miller,* 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993), and will ascribe plain meaning to its terms unless they are ambiguous. *Rineer v. Leonardo,* 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). Section 13–3415(A), A.R.S., provides that anyone who commits the offense of possession of drug paraphernalia "is guilty of a class 6 felony." Proposition 200 requires the trial court to impose a term of probation on persons convicted of committing this offense a first or second time. A.R.S. § 13–901.01; *Estrada,* 201 Ariz. at 252, ¶ 24, 34 P.3d at 361. Although the general definition of "felony" turns on whether imprisonment is authorized for the offense, A.R.S. § 13–105(16), it is clear to us that the legislature did not intend to change the felony designation for possession of drug paraphernalia if an offender is sentenced under Proposition 200.

¶ 9 The general definition of felony applies "unless the context otherwise requires" a different definition. A.R.S. § 13–105(16). Here, the legislature specifically designated possession of drug paraphernalia a class six felony offense, A.R.S. § 13–3415(A), and did not provide an alternative designation when Proposition 200 applies in sentencing. *See id.;* A.R.S. § 13–901.01. Moreover, it is not necessary to alter the felony status of the offense in order to fulfill the purpose of Proposition 200: addressing specified drug offenses through treatment and education rather than by incarceration. *Foster v. Irwin,* 196 Ariz. 230, 231, ¶ 3, 995 P.2d 272, 273 (2000). Thus, because "the context otherwise requires," we decide that possession of drug paraphernalia for personal use remains a felony when an offender is sentenced under Proposition 200. *See also Ford v. State,* 194 Ariz. 197, 199, ¶ 7, 979 P.2d 10, 12 (App.1999) (holding when general statute and specific statute address same subject in contrasting manner more specific statute controls).

¶ 10 Finally, we are not persuaded by Thues' argument that we should reach a different holding in light of the reasoning employed by the Ninth Circuit in *U.S. v. Robles–Rodriguez,* 281 F.3d 900 (9th Cir. 2002). The issue in that case was whether a defendant's prior Arizona convictions for Proposition 200 offenses constituted either "felonies" or "aggravated felonies" under the United States Sentencing Guidelines for purposes of sentence enhancement. 281 F.3d at 902. Without resolving whether the convictions were "felonies" under Arizona law, the court held that they were neither felonies nor aggravated felonies as the federal Guidelines interpret these terms. *Id.* at 902, 904–06. Because the holding in *Robles–Rodriguez* turned on the court's interpretation and application of federal law, we do not find it instructive in deciding the issue of state law before us.

## CONCLUSION

¶ 11 For the foregoing reasons, we hold that possession of drug paraphernalia in violation of A.R.S. § 13–3415(A) remains a class six felony when an offender is sentenced under Proposition 200, A.R.S. § 13–901.01. Consequently, the offense can be a historical prior felony offense and used in sentencing enhancement. The trial court did not err in imposing sentence on Thues, and we therefore affirm.

CONCURRING: CECIL B. PATTERSON, JR., Judge and G. MURRAY SNOW, Judge.