SUPREME COURT OF ARIZONA


| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-02-0233-PR |
| Appellant, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CR 00-0654 |
| JAMES EARL CHRISTIAN, | ) | |
| | ) | Maricopa County |
| Appellee. | ) | Superior Court |
| | ) | No. CR 99-016695 |
| | ) | |
| | ) | **O P I N I O N** |


Appeal from the Superior Court in Maricopa County
The Honorable Roger W. Kaufman, Judge
**REVERSED AND REMANDED**


Opinion of the Court of Appeals, Division One,
202 Ariz. 462, 47 P.3d 666
**AFFIRMED**

---

RICHARD M. ROMLEY, MARICOPA COUNTY ATTORNEY                Phoenix
    By   Diane Gunnels Rowley, Deputy County Attorney
Attorneys for Plaintiff-Appellant

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER             Phoenix
    By   M. Daniel Evans, Deputy Public Defender
Attorneys for Defendant-Appellee

---

**R Y A N**, Justice

¶1      The narrow issue we must decide in this matter is whether

a defendant's prior felony conviction for possession of narcotic

drugs below the statutory threshold amount can be used as a historical prior felony conviction to enhance the sentence of a subsequent felony offense. The trial court ruled that it could not. The court of appeals, in a split decision, reversed the trial court. Agreeing with the majority of the court of appeals, we hold that a prior conviction for possession of narcotic drugs in an amount below the statutory threshold can be used to enhance the sentence for a subsequent conviction.

## Background

¶2 In June 2000, James Earl Christian was convicted of theft of a means of transportation, a class three felony. Christian admitted at trial that he had two prior felony convictions. He had been convicted of felony theft committed in June 1995, and of possession of a narcotic drug, a class four felony, committed in March 1999.[1] At Christian's sentencing, the State argued that Christian should be sentenced as a defendant with two historical prior felony convictions under Arizona Revised Statutes ("A.R.S.") section 13-604(D) (Supp. 1999). Christian argued the drug possession conviction could not be used as a historical prior felony conviction for two reasons. First, the sentence for that offense had been imposed under A.R.S. section 13-901.01 (Supp. 1998), which requires probation for possession of narcotic drugs

---

[1] The narcotics possession conviction involved less than the statutory threshold amount of drugs. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3401(36) (2001).

-2-

for personal use.  He contended that the intent of A.R.S. section 13-901.01 - the codification of Proposition 200 - was to prohibit the use of the first two convictions for possession of narcotic drugs to enhance the sentence of a subsequent offense.[2]  Second, he argued that his drug conviction was a Chapter 34[3] offense involving less than the statutory threshold amount of drugs and as such could not be alleged as a historical prior under A.R.S. section 13-604(V)(1)(a)(i).  The trial court, finding that "it would be contrary to the intent of the law to treat the prior Proposition 200 felony as a felony for purposes of enhancing this sentence," sentenced Christian as an offender with one historical prior felony conviction.

**¶3**     On appeal, the State argued that the trial court erred as a matter of law in determining that a Proposition 200 prior conviction was not a historical prior felony conviction for sentence enhancement purposes.  *State v. Christian*, 202 Ariz. 462, 463, ¶ 1, 47 P.3d 666, 667 (App. 2002).  The State also contended that such a prior conviction was a historical prior felony conviction as defined in A.R.S. section 13-604(V)(1).

---

[2]  *Calik v. Kongable*, 195 Ariz. 496, 498-99, ¶¶ 11-14, 990 P.2d 1055, 1057-58 (1999), discusses the history of Proposition 200 and the enactment of A.R.S. section 13-901.01.  *Foster v. Irwin*, 196 Ariz. 230, 231, ¶ 3, 995 P.2d 272, 273 (2000), discusses the purpose of Proposition 200, which is to deal with drug abuse by treatment and education rather than incarceration.

[3]  Chapter 34 refers to the drug offenses set forth in Title 13.  *See* A.R.S. §§ 13-3401 to -3422 (2001 & Supp. 2002).

¶4        The court of appeals unanimously agreed that "nothing in the language of A.R.S. § 13-901.01 precludes a conviction under that section from being used as a historical prior felony conviction to enhance punishment of a subsequent offense under A.R.S. § 13-604(V)(1)." *Id.* at 464, ¶ 6, 466, ¶¶ 17-18, 47 P.3d at 668, 670.  The majority of the court went on to hold that A.R.S. section 13-604(V)(1) permits a prior felony conviction for possession of drugs below the threshold amount to be used as a historical prior for purposes of sentence enhancement.  *Id*. at 465-66, ¶ 13, 47 P.3d at 669-70.  Judge Fidel dissented from this part of the decision, contending that the plain language of A.R.S. section 13-604(V)(1)(a)(i) excluded prior felony convictions for drug offenses below the threshold amount from being used to enhance the sentence for a subsequent conviction.  *Id*. at 467, ¶ 26, 47 P.3d at 671.

¶5        We granted review to decide whether the court of appeals correctly interpreted A.R.S. section 13-604(V)(1).  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution, and A.R.S. sections 13-4031 and -4032(5) (2001).

**Discussion**

¶6        The parties do not dispute that Christian had two prior felony convictions.[4]  Thus, the issue is whether a prior conviction

---

    4    Christian does not challenge the court of appeals' conclusion that the literal wording of A.R.S. section 13-901.01

-4-

for possession of narcotic drugs in an amount below the statutory threshold is a historical prior felony conviction.  To decide that issue we must interpret A.R.S. section 13-604(V)(1).  Issues of statutory interpretation are reviewed by this court de novo.  *State v. Getz*, 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997).  In any case involving statutory interpretation we begin with the text of the statute.  *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).  This is so because the best and most reliable index of a statute's meaning is the plain text of the statute.  *Id.*  When the plain text of a statute is clear and unambiguous there is no need to resort to other methods of statutory interpretation to determine the legislature's intent because its intent is readily discernable from the face of the statute.  *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).  We conclude that the text of section 13-604(V)(1) is unambiguous and plain on its face, and that it permits a prior conviction for possession of drugs below the threshold amount to be alleged as a historical prior felony conviction in limited circumstances.

**A.**

¶7        Section 13-604(V)(1) separates historical prior felony

---

does not preclude a conviction for personal drug possession from being used as a prior conviction to enhance the sentence for a subsequent conviction.

convictions into four categories.[5]  First, under subdivision (a),

the statute lists six types of offenses that can be alleged as

———————————

[5]    The complete text of A.R.S. section 13-604(V)(1) is as
follows:

> V. As used in this section:
>   1. "Historical prior felony conviction" means:
>     (a) Any prior felony conviction for which the
>     offense of conviction:
>         (i) Mandated a term of imprisonment except for
>         a violation of chapter 34 of this title
>         involving a drug below the threshold amount;
>         or
>         (ii) Involved the intentional or knowing
>         infliction of serious physical injury; or
>         (iii) Involved the use or exhibition of a
>         deadly weapon or dangerous instrument; or
>         (iv) Involved the illegal control of a
>         criminal enterprise; or
>         (v) Involved aggravated driving under the
>         influence of intoxicating liquor or drugs,
>         driving while under the influence of
>         intoxicating liquor or drugs with a suspended,
>         canceled, revoked or refused driver license or
>         driving under the influence of intoxicating
>         liquor or drugs with two or more driving under
>         the influence of intoxicating liquor or drug
>         convictions within a period of sixty months; or
>         (vi) Involved any dangerous crime against
>         children as defined in § 13-604.01.
>     (b) Any class 2 or 3 felony, except the offenses
>     listed in subdivision (a) of this paragraph, that
>     was committed within the ten years immediately
>     preceding the date of the present offense. Any time
>     spent incarcerated is excluded in calculating if
>     the offense was committed within the preceding ten
>     years.
>     (c) Any class 4, 5 or 6 felony, except the offenses
>     listed in subdivision (a) of this paragraph, that
>     was committed within the five years immediately
>     preceding the date of the present offense. Any time
>     spent incarcerated is excluded in calculating if
>     the offense was committed within the preceding five
>     years.
>     (d) Any felony conviction that is a third or more
>     prior felony conviction.

*Id.* (footnote omitted).

historical prior felony convictions no matter when they occurred. A.R.S. § 13-604(V)(1)(a). These include convictions for which a prison sentence was mandated, except for drug offenses that involved an amount of drugs below the statutory threshold;[6] convictions involving the intentional or knowing infliction of serious physical injury; convictions involving the use of a deadly weapon; convictions for illegal control of an enterprise; convictions for aggravated driving under the influence of intoxicating liquor or drugs; and convictions for any dangerous crime against children.[7] *Id.*

¶8    The second category, set forth in subdivision (b), allows the state to allege as historical prior felonies prior convictions for class two or three felonies not "listed in subdivision (a)" if the prior offense "was committed within the ten years immediately preceding the date of the present offense." *Id.* § 13-604(V)(1)(b). The third category, described in subdivision (c), includes class four, five and six felonies not "listed in subdivision (a)" if the prior offense was "committed within the five years immediately preceding the date of the present offense." *Id.* § 13-604(V)(1)(c). Finally, under subdivision (d), "a third or more prior felony conviction" is also a historical prior felony

---

[6]   A.R.S. § 13-3401(36).

[7]   A.R.S. § 13-604.01 (2001 & Supp. 2002).

conviction.[8] *Id.* § 13-604(V)(1)(d).

¶9      Hence, under the plain language of A.R.S. section 13-604(V)(1)(c), a conviction for possession of narcotic drugs, a class four felony, committed within five years of the present offense, can be used to enhance the sentence for that offense. Because Christian indisputably committed the crime of possession of narcotic drugs within five years of the commission of the theft in this case, it is a historical prior felony conviction.

¶10     Christian, however, argues that under A.R.S. section 13-604(V)(1)(a)(i), a conviction for a first or second drug offense involving less than the statutory threshold amount of drugs can never be used as a historical prior felony conviction to enhance a subsequent sentence. He contends that by excepting from section 13-604(V)(1)(c) those offenses "listed" in subdivision (a), the legislature meant to exclude drug offenses involving less than the threshold amount from being included under subdivision (c).

¶11     Christian focuses on the following emphasized language from A.R.S. section 13-604(V)(1):

    1.  "Historical prior felony conviction" means:
        (a) Any prior felony conviction for which the offense of conviction:
            (i) Mandated a term of imprisonment *except for a violation of chapter 34 of this title*

---

      [8]  For an offense to qualify as a "third or more prior felony conviction" it must be the third conviction chronologically. *State v. Decenzo,* 199 Ariz. 355, 358, ¶ 9, 18 P.3d 149, 152 (App. 2001).

> *involving a drug below the threshold amount.*

> . . . .

> (c) Any class 4, 5 or 6 felony, *except the offenses listed in subdivision (a) of this paragraph*, that was committed within the five years immediately preceding the date of the present offense.

*Id.* (footnote omitted and emphasis added). His argument presupposes that prior drug convictions involving an amount of drugs below the statutory threshold are "listed" in subdivision (a)(i) because they are mentioned there. And because subdivision (c) excepts offenses listed in subdivision (a) from being historical prior felony convictions, his conviction for possession of narcotic drugs is not a historical prior felony conviction.

¶12    Such an interpretation flies in the face of the normal use of the word "listed." *See State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990) ("We give words their usual and commonly understood meaning unless the legislature clearly intended a different meaning."). While prior felony drug convictions involving less than the threshold amount may be *referenced* in subdivision (a)(i), they are not listed. An item is not "listed" simply because it is referenced, and an item certainly is not "listed" when it is expressly excluded. Something cannot be at once included and excluded from a list. Following Christian's logic, a drug offense involving an amount of drugs below the statutory threshold would be excepted from subdivision (a) for

purposes of applying that subdivision, but would be included in subdivision (a) for purposes of applying subdivisions (b) and (c). The argument makes little sense.

¶13     Rather, it is clear to us, based on the plain language of the statute, that A.R.S. section 13-604(V)(1)(a)(i) does not create two mutually exclusive categories as Christian appears to argue. Instead, A.R.S. section 13-604(V)(1)(a)(i) establishes a broad category of prior convictions that qualify as historical priors – those for which a prison term was mandated.  Then subdivision (a)(i) excepts from that broad category a small group of offenses, namely, prior drug convictions involving an amount of drugs below the statutory threshold for which a prison sentence was mandated. Because such offenses are specifically excepted from treatment as historical prior felony convictions under subdivision (a)(i), they are accordingly not "listed" in subdivision (a).  As a result, drug offenses involving an amount of drugs below the statutory threshold for which a prison sentence was mandated are allegeable as historical prior felony convictions if they fall within the time limits of subdivisions (b) or (c) or are a third prior felony conviction under subdivision (d).  A.R.S. § 13-604(V)(1).  Because Christian's prior conviction for possession of narcotic drugs did not carry a mandatory prison sentence, it did not meet the threshold requirement of subdivision (a)(i). Consequently, whether

his prior conviction involved an amount of drugs below the statutory threshold is irrelevant.  Instead, as discussed above, his prior conviction is clearly allegeable under subdivision (c).  *See supra* ¶ 9.

**B.**

**¶14**    The language Christian focuses on – "except for a violation of chapter 34 of this title involving a drug below the threshold amount" – was added in 1996.  1996 Ariz. Sess. Laws, ch. 123, § 1.  At the same time, the legislature also amended another related statutory section.  *Id.* § 3.  When taken together we believe these changes help explain the result we reach today.

**¶15**    In 1996, the legislature amended A.R.S. sections 13-604(U)(1),[9] and -3419(A).  1996 Ariz. Sess. Laws, ch. 123, §§ 1, 3.[10] The latter statutory section was first passed in 1993 and governed sentencing for defendants convicted of multiple drug offenses not committed on the same occasion but consolidated for trial.   A.R.S. § 13-3419.[11]   Before the 1996 amendment, A.R.S.

---

[9]  Now codified at A.R.S. section 13-604(V)(1).  For ease of reference, we will refer to the current designation of the statute.

[10]  This same enactment also amended A.R.S. section 13-702.02. *See* 1996 Ariz. Sess. Laws, ch. 123, § 2.  But for our purposes, the relevant amendments are to A.R.S. sections 13-604(V)(1)(a)(i) and -3419.

[11]  This statute and its companion, A.R.S. section 13-702.02, supplanted the practice of alleging "*Hannah*" priors.  *See State v.*

-11-

section 13-3419(A) provided in part as follows:

> Except for a person convicted of possession offenses . . . , a person who is convicted of two or more offenses under this chapter that were not committed on the same occasion but that were consolidated for trial purposes, shall be sentenced for the second or subsequent offense pursuant to this section.

A.R.S. § 13-3419(A) (Supp. 1994). The 1996 legislation amended the statute in the following manner:

> Except for a person convicted of possession offenses . . . , a person who is convicted of two or more

---

*Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980). Language in A.R.S. section 13-604(H)(redesignated as section 13-604(M)) had allowed the state to allege as prior felony convictions multiple convictions that were entered on the same occasion. However, in 1993, the legislature removed that language. 1993 Ariz. Sess. Laws, ch. 255, § 7; *State v. Thompson,* 200 Ariz. 439, 441, ¶ 9, 27 P.3d 769, 798 (2001) (finding sentencing enhancement for multiple felony convictions entered at the same time now controlled by A.R.S. section 13-702.02). For instance, previously, under *Hannah*, when a defendant was convicted of three felony counts that were tried together, the state could allege two of the convictions as priors for the other conviction, thus subjecting a defendant who came to court without a prior conviction to a lengthy prison term. The sentencing provisions promulgated in A.R.S. section 13-702.02 and -3419 are much less severe.

The 1993 amendments also made extensive changes to A.R.S. section 13-604. 1993 Ariz. Sess. Laws, ch. 255, § 7. Before those amendments, prior felony convictions could be alleged under most subsections of section 13-604 no matter how old they were. *See* A.R.S. § 13-604 (1989). The 1993 amendments imposed time limits on alleging historical priors in many instances. 1993 Ariz. Sess. Laws, ch. 255, § 7. Thus, the legislative policy was to differentiate the treatment of repeat offenders based on four factors: whether the prior convictions were serious in nature, whether the prior crimes for less serious offenses were committed relatively recently with respect to the present offense, whether the prior conviction was a third felony conviction, or whether the crimes committed on different occasions were consolidated for trial.

offenses under this chapter that were not committed on the same occasion but that EITHER ARE consolidated for trial purposes OR ARE NOT HISTORICAL PRIOR FELONY CONVICTIONS AS DEFINED IN SECTION 13-604, SUBSECTION [V], PARAGRAPH 1 shall be sentenced for the second or subsequent offense pursuant to this section.

1996 Ariz. Sess. Laws, ch. 123, § 3 (stricken words omitted). We assume the statute was amended to correct a problem. *State v. Garza-Rodriguez,* 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990) (holding that when legislature amends a statute we assume it intended to change existing law).

¶16 Before the 1996 amendment, a person convicted of a non-possession drug offense, and who had a prior felony conviction for a similar offense that did not meet the definition of historical prior felony conviction as defined in A.R.S. section 13-604(V)(1)(a), (b), (c) or (d), could not receive an enhanced sentence. This resulted in some repeat offenders being treated as first time felons which, in many instances, meant those offenders were eligible for probation.

¶17 But the 1996 amendment to A.R.S. section 13-3419(A) has the effect of allowing limited enhancement of a sentence for a conviction of a non-possession drug offense even though the prior felony conviction does not satisfy the requirements of A.R.S. section 13-604(V)(1). *See State v. Thompson,* 200 Ariz. 439, 441, ¶ 9, 27 P.3d 796, 798 (2001) (interpreting the same amended

language in A.R.S. section 13-702.02).  This change to section 13-3419(A) increased the number of drug offenses for which a prison sentence was mandatory.  For example, under the amended version of section 13-3419(A), if a defendant has a prior conviction for a non-possession drug offense that is not a historical prior felony conviction, and he is convicted of a second non-possession drug offense involving an amount of drugs below the statutory threshold, the mandatory sentence for that second offense is a prison term.  A.R.S. § 13-3419(A) ("[A] person who is convicted of two or more offenses under this chapter . . . shall not be eligible for suspension of sentence, probation, pardon or release from confinement.").  Under the prior version of A.R.S. section 13-604(V)(1)(a), such a conviction could be alleged as a historical prior with respect to future crimes without limitation.

¶18    But with the addition of the language, "except for a violation of chapter 34 of this title involving a drug below the threshold amount," to A.R.S. section 13-604(V)(1)(a)(i), the legislature assured that minor drug offenders who managed to avoid becoming repeat offenders for at least five or ten years respectively would be treated more leniently under the sentencing code.  *Compare, e.g.*, A.R.S. § 13-3419(A)(1), *with* A.R.S. § 13-604(A) & (B).

¶19    This change to section 13-604(V)(1)(a) conformed to the clear legislative policy of treating more leniently drug offenses

-14-

involving less than the threshold amount of drugs. *See Korzep,* 165 Ariz. at 493, 799 P.2d at 834 (stating that when interpreting a statute, courts "consider the policy behind the statute and the evil it was designed to remedy"). That policy was established by the legislature's amendments to the drug offense statutes in 1993 that introduced the statutory drug threshold amounts, which made a number of drug offenses that previously required prison terms probation eligible offenses.[12] *See* 1993 Ariz. Sess. Laws, ch. 255, §§ 7, 38-48. The 1996 amendment to A.R.S. section 13-604(V)(1)(a)(i) simply carries that policy through to sentencing for subsequent offenses.

¶20 Consequently, in our view, the amendment to section 13-604(V)(1)(a)(i) was clearly intended to preclude minor drug offenses for which a prison sentence was mandated from being allegeable without limitation. The legislature did not, however, intend that such drug offenses could never be used to enhance a sentence for a subsequent offense. Had the legislature intended such a significant change, it would have expressly said so. *State v. Govorko,* 23 Ariz. App. 380, 384, 533 P.2d 688, 692 (1975) (stating that when legislature intends significant change in scope

---

[12] For example, before the 1993 amendments, a number of drug offenses mandated a prison term no matter the amount of drugs involved. *See, e.g.,* A.R.S. § 13-3407(C) (1989) (possession for sale or transportation of a dangerous drug)*; id.* § 13-3408(C) (possession for sale or transportation of a narcotic drug).

-15-

of a statute it is reasonable to expect a clear expression of intent).

**¶21**    Accordingly, A.R.S. section 13-604(V)(1)(c) permits the State to allege Christian's prior conviction for possession of narcotic drugs involving an amount of drugs below the statutory threshold as a historical prior felony conviction.  Therefore, the trial court erred in striking that prior felony conviction.

### Conclusion

**¶22**    For the foregoing reasons we affirm the opinion of the court of appeals, and remand the matter to the trial court for further proceedings consistent with this opinion.


_____
                        Michael D. Ryan, Justice



CONCURRING:



_____
Ruth V. McGregor, Vice Chief Justice



_____
Rebecca White Berch, Justice



*Pursuant to Article 6, Section 2 of the Arizona Constitution, this case was heard by a panel of three justices of this court.