NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JIMMY PARSONS, *Appellant,*

*v.*

ARIZONA DEPARTMENT OF HEALTH SERVICES, *Appellee.*

No. 1 CA-CV 20-0497
FILED 6-29-2021

Appeal from the Superior Court in Maricopa County
No. LC2019-000354-001
The Honorable Douglas Gerlach, Judge *Retired*

**AFFIRMED**

COUNSEL

Thomas W. Dean Attorney at Law, Phoenix
By Thomas W. Dean
*Counsel for Appellant*

Sherman & Howard LLC, Phoenix
By Gregory W. Falls, Matthew A. Hesketh, Sean M. Moore
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which
Judge Michael J. Brown and Judge David D. Weinzweig joined.

**G A S S**, Judge:

¶1 Jimmy Parsons appeals a superior court order affirming an Arizona Department of Health Services (ADHS) decision to deny him a designated caregiver's registry identification card. Finding no error, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 This court views the facts in the light most favorable to affirming the administrative agency. *Hosea v. City of Phx. Fire Pension Bd.*, 224 Ariz. 245, 248, ¶ 10 (App. 2010).

¶3 In May 2005, Parsons pled guilty to one count of possession of narcotic drugs for sale. The superior court suspended Parsons's sentence, and he successfully completed probation. In 2012, the superior court granted Parsons's petition to set aside the conviction. Two years later, Parsons applied for a caregiver's card under the Arizona Medical Marijuana Act (AMMA). *See* A.R.S. §§ 36-2801 to -2844. In Parsons's application, he avowed he did not have an excluded felony conviction. ADHS initially granted Parsons a caregiver's card, but ADHS later revoked it after receiving Parsons's criminal history from the Department of Public Safety.

¶4 ADHS cited two reasons for the revocation: (1) a "mandatory revocation" based on Parsons's conviction for an excluded felony within ten years of completion of his probation; and (2) a "discretionary revocation—for the untrue attestation submitted with his April 2014 caregiver-card application that [he] had not been convicted of a[n excluded] crime." *See* A.R.S. § 36-2801(5)(c) (defining "designated caregiver" as a person who "[h]as not been convicted of an excluded felony offense"); A.A.C. R9-17-205.E (ADHS "shall revoke a designated caregiver's registry identification card if the designated caregiver has been convicted of an excluded felony offense"). This court affirmed the revocation in *Parsons v. Ariz. Dep't of Health Servs.* ("*Parsons I*"), 242 Ariz. 320, 325, ¶ 17 (App. 2017).

¶5 In March 2019, believing his ten-year bar based on his conviction had expired, Parsons again applied for a caregiver's card. ADHS denied the request, citing § 36-2804.05.B.3, which states ADHS may deny an application for a caregiver's card if the applicant "[p]reviously had a registry identification card revoked for violating [the AMMA]."

¶6 Parsons appealed the decision to an administrative law judge (ALJ). At the hearing, Parsons argued he had not "knowingly" violated the

2

AMMA when he attested on his 2014 application he had never been convicted of a felony. The ALJ found Parsons's violation of the AMMA was "innocent and unknowing," and recommended ADHS approve his application. The ADHS director rejected the recommendation, finding ADHS properly exercised its discretion in denying Parsons's application because of his prior revocation. Parsons appealed to the superior court, which affirmed ADHS's denial. Parsons timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

**ANALYSIS**

**¶7**        The AMMA permits a registered caregiver to assist a qualifying patient using medical marijuana. A.R.S. § 36-2801(5)(b), (15). ADHS is the administrative agency charged with regulating the AMMA, including determining whether an applicant qualifies for a caregiver's card. *See* A.R.S. §§ 36-2803.A.2–.3; -2804.05.B. Parsons asserts ADHS abused its discretion or acted arbitrarily and capriciously in denying him a caregiver's card and the denial was not supported by substantial evidence.

**¶8**        This court will affirm an administrative decision unless the agency's action "is contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910.E. A decision supported by substantial evidence cannot be arbitrary and capricious. *Smith v. Ariz. Long Term Care Sys.*, 207 Ariz. 217, 220, ¶ 14 (App. 2004). An agency abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Torres v. N. Am. Van Lines, Inc.*, 135 Ariz. 35, 40 (App. 1982).

**¶9**        ADHS asserts Parsons waived his arguments ADHS acted arbitrarily and capriciously, ruled based on insufficient evidence, or otherwise abused its discretion because Parsons failed to raise those arguments in the administrative hearing. "The general rule is that failure to raise an issue before an administrative tribunal precludes judicial review of that issue on appeal . . . ." *DeGroot v. Ariz. Racing Comm'n*, 141 Ariz. 331, 340 (App. 1984). In an exercise of our discretion, we address the merits of Parsons's arguments.

**¶10**        In 2014, after originally granting Parsons a caregiver's card, ADHS issued a notice of intent to revoke the card after it learned he had an undisclosed, excluded felony conviction. *Parsons I*, 242 Ariz. at 322, ¶ 7. On administrative appeal, the ALJ recommended affirming the denial and

ADHS adopted the ALJ's recommendation. *Id.* at ¶ 8. Parsons completed probation in 2008, so his prior conviction is now outside the ten-year window for excluded felony offenses. *See* A.R.S. § 36-2801(7)(b)(i).

**¶11**    ADHS's earlier revocation, however, can independently justify a denial of a new caregiver's card. *See* A.R.S. § 36-2804.05.B. ADHS "*may* deny an application" for a caregiver's card if the applicant previously had a registry identification card revoked for violating the AMMA. *Id.* (emphasis added). This court interprets statutes to "effectuate the legislature's intent," and the "best indicator of that intent is the statute's plain language." *SolarCity Corp. v. Ariz. Dep't of Revenue*, 243 Ariz. 477, 480, ¶ 8 (2018). The legislature's intent is "readily discernible" when the statute's language is clear and unambiguous. *Estate of Braden ex. rel. Gabaldon v. State*, 228 Ariz. 323, 325, ¶ 8 (2011) (quoting *State v. Christian*, 205 Ariz. 64, 66, ¶ 6 (2003)).

**¶12**    The plain language of § 36-2804.05.B.3 expressly vests discretion in ADHS to deny an application when, like here, the applicant previously had a registry identification card revoked for violating the AMMA.

**¶13**    Parsons does not dispute ADHS has discretion to determine whether to grant or deny an application under § 36-2804.05.B.3. He does not argue ADHS did not revoke his original card in 2014 for violating the AMMA. *See* A.R.S. § 36-2804.05.B.3. Parsons only argues ADHS acted arbitrarily and capriciously when it denied his application without further justification. He asserts the denial "provided absolutely no relevant data" and failed to "articulate a satisfactory explanation." As support, Parsons points to the ALJ's finding his 2014 avowal was "innocent and unknowing."

**¶14**    Section 36-2804.05, however, does not include a state of mind requirement. In *Parsons I*, this court affirmed ADHS's decision based solely on his excluded felony conviction. 242 Ariz. at 325, ¶ 17. This court did not address whether Parsons had knowingly violated the AMMA because that issue was not developed in any prior proceeding. *Id.* at 322, ¶ 10 n.1. Here, we need not address Parsons's state of mind because § 36-2804.05.B.3's plain language grants ADHS broad discretion to grant or deny his application because of his previous revocation regardless of his mental state.

**¶15**    Because Parsons's prior revocation is a matter of public and administrative record, we find substantial evidence supports ADHS's decision Parsons had a prior revocation. *See* A.R.S. § 36-2804.05.B.3; *see also*

Ariz. R. Evid. 201(b)(2) (a court may take judicial notice of indisputable facts if they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). ADHS's decision to deny Parsons's application was not arbitrary and capricious or an abuse of discretion because ADHS's denial falls squarely within the agency's authority. *See Ariz. Dep't of Corr. v. State Pers. Bd.*, 202 Ariz. 598, 600, ¶ 10 (App. 2002). For the same reason, the citations in the denial letter are sufficient under A.A.C. R9-17-205.H to give Parsons notice of ADHS's basis for the denial.

**CONCLUSION**

¶16        We affirm the superior court's order.

