SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, ex rel., RICHARD M. ROMLEY, Maricopa County Attorney, | ) Arizona Supreme Court ) No. CV-02-0267-PR ) |
| Petitioner, | ) ) Court of Appeals ) Division One ) Nos. 1 CA-SA 02-0125 |
| v. | )       1 CA-SA 02-0126 )       (Consolidated) |
| THE HONORABLE GREGORY MARTIN and THE HONORABLE JONATHAN H. SCHWARTZ, JUDGES of the SUPERIOR COURT of the STATE OF ARIZONA, in and for the County of MARICOPA, | ) ) Maricopa County ) Superior Court ) Nos.   CR 01-018779 )        CR 02-003676 ) |
| Respondent Judges, | ) ) **O P I N I O N** |
| CRUZ OLIVAS LANDEROS and STEVEN P. STEADMAN, | ) ) ) |
| Real Parties in Interest. | ) ) ) |

Opinion of the Court of Appeals, Division One
203 Ariz. 46, 49 P.2d 1142

**AFFIRMED**

_____

RICHARD M. ROMLEY, MARICOPA COUNTY ATTORNEY                    Phoenix
     By   Diane Gunnels Rowley, Deputy County
          Attorney
Attorneys for Petitioner

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER                 Phoenix
     By   Christopher Johns, Deputy Public
          Defender
Attorneys for Real Party in Interest
Cruz Olivas Landeros

JAMES T. MYRES                                                Phoenix
Attorney for Real Party in Interest
Steven P. Steadman

_____

**H U R W I T Z,** Justice

¶1 Under the "Drug Medicalization, Prevention, and Control Act of 1996," an initiative proposal adopted by the voters as Proposition 200 and subsequently codified at Arizona Revised Statutes ("A.R.S.") section 13-901.01 (Supp. 2002), a person convicted for the first or second time of "personal possession or use of a controlled substance or drug paraphernalia" may not be sentenced to a term of imprisonment.[1] We granted review in this case to decide whether such "Proposition 200 convictions" can be used for impeachment purposes under Rule 609(a)(1) of the Arizona Rules of Evidence, which allows evidence of a prior conviction to be used for the purpose of attacking the credibility of a witness only if the "crime . . . was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted."

**I.**

¶2 Insofar as it pertains to the question before us, the factual background in these two consolidated cases is straightforward and undisputed. The two real parties in interest, Steven P. Steadman and Cruz Olivas Landeros

---

[1] *Calik v. Kongable*, 195 Ariz. 496, 498-99 ¶¶ 11-14, 990 P.2d 1055, 1057-58 (1999), details the history of Proposition 200 and § 13-901.01.

(collectively "defendants"), were each charged separately by the State with the commission of a felony, Steadman with theft of a means of transportation, a class 3 felony, and Landeros with knowingly possessing narcotic drugs for sale, a class 2 felony. Each defendant had previously been convicted of one or more offenses involving the personal possession or use of a controlled substance or drug paraphernalia. These previous convictions involved first- or second-time offenses, and each defendant was accordingly sentenced pursuant to Proposition 200 to a term of probation. *See* A.R.S. § 13-901.01(A) (providing that a court "shall . . . place the person[s] on probation").

¶3      Each defendant moved to preclude the State from using these prior Proposition 200 convictions[2] for impeachment purposes at trial, and, in each case, the superior court granted the motion. The State filed a special action in the court of appeals in each case. The court of appeals consolidated the two cases, accepted jurisdiction but denied relief, holding that

---

[2]      Certain convictions for possession or use of drugs or drug paraphernalia are excluded from the mandatory probation provisions of § 13-901.01(A). For example, § 13-901.01(B) provides that a person convicted of a violent crime is "not eligible for probation"; § 13-901.01(H) provides likewise with respect to persons "convicted three times of personal possession or use of a controlled substance or drug paraphernalia." *See also* § 13-901.01(C) (excluding from subsection (A) "possession for sale, production, manufacturing or transportation for sale of any controlled substance"). None of these factors is present in these cases, and we therefore use the term "Proposition 200 convictions" to refer to convictions subject to the mandatory probation requirements of § 13-901.01(A).

3

Proposition 200 convictions may not be used for impeachment purposes under Rule 609(a)(1) because they are not "punishable by death or imprisonment in excess of one year." *State ex rel. Romley v. Martin*, 203 Ariz. 46, 48 ¶ 8, 49 P.3d 1142, 1144 (App. 2002).

¶4    The State filed a petition for review, and we granted review to address this issue of statewide concern. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, Arizona Rule of Civil Appellate Procedure 23, and A.R.S. § 12-120.24 (2003).

## II.

¶5    Arizona Rule of Evidence 609(a) allows evidence "that the witness has been convicted of a crime" to be admitted "[f]or the purpose of attacking the credibility of a witness" in two general circumstances. If the crime for which the witness was convicted "involved dishonesty or false statement," evidence of the prior conviction is admissible "regardless of the punishment." Ariz. R. Evid. 609(a)(2). In all other circumstances, Rule 609(a)(1) governs, and the evidence of the prior conviction is admissible only "if the crime . . . was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted." Because the defendants' prior convictions did not involve dishonesty or

4

false statement, the issue in this case is whether they are covered by Rule 609(a)(1).

¶6     In interpreting Rule 609(a)(1), we apply the same principles used in construing statutes. *See State ex rel. Romley v. Stewart,* 168 Ariz. 167, 168-69, 812 P.2d 985, 986-87 (1991); *State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App. 1996).[3]     Our first point of reference, of course, is the statutory language, which we expect to be "the best and most reliable index of a statute's meaning." *State v. Williams*, 175 Ariz. 98, 100, 851 P.2d 131, 133 (1993).     We interpret that language in such a way as to give it a fair and sensible meaning. *See Robinson v. Lintz*, 101 Ariz. 448, 452, 420 P.2d 923, 927 (1966).

A.

¶7     Rule 609(a)(1) provides that a prior conviction not involving dishonesty or false statement can be used for impeachment purposes only "if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted."     It is common ground that these defendants could not have been punished for their prior crimes by imprisonment in excess of one year — or imprisonment

---

[3]     We review rulings involving the interpretation of a court rule *de novo*. *See State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 390 ¶ 37, 998 P.2d 1055, 1063 (2000).

at all — under A.R.S. § 13-901.01(A). The most logical interpretation of Rule 609(a)(1) is that the defendants' previous Proposition 200 convictions cannot be used for impeachment in their pending trials, because their crimes were not, in the words of the Rule, "punishable by death or imprisonment in excess of one year."

¶8 The State does not contest that these defendants could not have been imprisoned on the basis of their previous convictions. Rather, it urges us to focus on the phrase "under the law under which the witness was convicted," which the State argues refers only to the substantive "crime" that was the subject of the previous conviction. Landeros, for example, was previously convicted of possession of drug paraphernalia in violation of A.R.S. § 13-3415(A) (1989), and possession of a narcotic drug, in violation of A.R.S. § 13-3408(A)(1) (1989).[4] Possession of drug paraphernalia is punishable as a class 6 felony, *see* A.R.S. § 13-3415(A), while possession of a dangerous drug is punishable as a class 4 felony, *see* A.R.S. § 13-

---

[4] Landeros was sentenced under a prior version of § 13-901.01(A), which did not include "use of drug paraphernalia" in its listing of drug offenses for which probation was mandatory. *See* A.R.S. § 13-901.01(A) (Supp. 1997). However, this Court has interpreted that prior statute as encompassing "use of drug paraphernalia." *See State v. Estrada*, 201 Ariz. 247, 252 ¶¶ 21-24, 34 P.3d 356, 361 (2001). Thus, Landeros was required under Proposition 200 to be sentenced to a term of probation for his drug paraphernalia conviction.

3408(B)(1). A class 4 felony is generally punishable by a sentence ranging from 1.5 years to 3 years in prison, while a class six felony is generally punishable by a sentence of 6 months to 1.5 years. *See* A.R.S. § 13-702(A) (2001). The State thus contends that Rule 609(a)(1) applies, since the "crimes" that were the subject of the defendants' prior convictions were punishable by imprisonment for more than one year, even if these particular defendants could not have been so punished under Proposition 200.

**¶9**   We have, however, previously rejected a similar construction of Rule 609(a)(1). In *State v. Malloy*, 131 Ariz. 125, 639 P.2d 315 (1981), the defendant had previously been convicted of third degree burglary, a class 6 felony. While the punishment for this crime could have exceeded one year's imprisonment, the superior court exercised its discretion under A.R.S. § 13-702(G) (1978) to enter a judgment of conviction for a class 1 misdemeanor; the maximum sentence was therefore no greater than six months in jail. *See id.* at 126-27, 639 P.2d at 316-17. Thus, in *Malloy*, "the law under which the witness was convicted" did not make his crime punishable by imprisonment in excess of one year. We accordingly held that "it is clear that the appellant's prior conviction does not come within Rule 609(a)(1)." *Id.* at 127, 639 P.2d at 317.

¶10     The State's proffered interpretation of Rule 609(a)(1) is not only contrary to *Malloy*, but also suffers from a serious internal inconsistency.  The State urges us to refer only to the substantive statutes defining the crime to determine whether a crime is "punishable by . . . imprisonment in excess of one year under the law under which the witness was convicted"; put differently, we are asked to focus only on the "convicting" statute, and not the "sentencing" statute.  But the "convicting" statutes applicable to drug offenses in Arizona, like most of our criminal statutes, do not themselves expressly prescribe the potential length of a prison sentence.  Thus, A.R.S. § 13-3408, which governs possession of a narcotic drug, simply provides that a person violating its provisions "is guilty of a class 4 felony."  A.R.S. § 13-3408(B)(1).  The court must then refer to the statutes governing sentences for class 4 felonies, A.R.S. §§ 13-701 to -702.02 — the so-called "sentencing" statutes — in order to determine the possible sentences.  The State therefore cannot contest that these "sentencing statutes" are part of "the law under which the witness was convicted" for purposes of Rule 609(a)(1).

¶11     But there is, of course, another "sentencing" statute applicable to Proposition 200 convictions.  It is A.R.S. § 13-901.01(A), which provides, "[n]otwithstanding any law to the contrary," that persons in the position of these defendants may

8

never be sentenced to imprisonment. Because we must look outside the "convicting" statute to "sentencing statutes" in order to determine the possible punishment for a crime, it cannot logically be argued that § 13-901.01(A), which supersedes all other sentencing statutes for Proposition 200 convictions, is somehow wholly irrelevant to the determination under Rule 609(a)(1) of whether a crime "was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted."

¶12      In short, the most sensible and logical reading of Rule 609(a)(1) is that the prior conviction must involve a crime for which imprisonment in excess of one year is at least possible under the applicable law. Because such a sentence simply was not possible for these defendants with respect to their prior Proposition 200 convictions, Rule 609(a)(1) appears on its face to bar use of these convictions to impeach the defendants' credibility in their upcoming trials.[5]

---

[5]      *State v. Skramstad*, 433 N.W.2d 449 (Minn. Ct. App. 1998), upon which the State relies, is premised on the notion that a sentence of greater than one year was "possible" at the time of the defendant's conviction, and that the court's subsequent designation of the crime as a misdemeanor after the defendant had successfully completed probation did not affect its use for impeachment under Minnesota's version of Rule 609(a)(1). *See id.* at 453 (holding that Rule 609(a)(1) addresses "the maximum sentence possible at the time of conviction, not the sentence which was actually given nor any subsequent alteration of the defendant's record"). But even assuming *arguendo* that *Skramstad* was correctly decided on its

¶13        The State also argues that any interpretation of Rule 609(a)(1) as excluding the use of Proposition 200 convictions for impeachment purposes is foreclosed by our recent decision in *State v. Christian*, ___ Ariz. ___, 66 P.3d 1241 (2003). *Christian* held that a Proposition 200 conviction can be used as a "historical prior felony" conviction to enhance a defendant's sentence pursuant to A.R.S. § 13-604(V)(1) (2001).

¶14        The State begins from the premise that *Christian* and *State v. Thues*, 203 Ariz. 339, 54 P.3d 368 (App. 2002), establish that Proposition 200 did not alter the status of convictions for various drug offenses as "felonies."  The State then argues that the "in excess of one year" language in Rule 609(a)(1) is really a shorthand for "felony," and that to disallow use of Proposition 200 convictions for impeachment purposes is thus inconsistent with *Christian*.

¶15        We see no tension between *Christian* and a construction of Rule 609(a)(1) that excludes use of Proposition 200 convictions for impeachment.  The statute at issue in *Christian*, A.R.S. § 13-604(V)(1), permitted enhancement of sentences on the basis of a "prior felony conviction" that met certain statutory

_____

facts, it is of no aid to the State here, since the "maximum sentence possible" at the time of the defendants' prior convictions was probation.

10

criteria.  We held that Proposition 200 convictions met the statutory criteria. *See also Thues*, 203 Ariz. at 341 ¶ 10, 54 P.3d at 370 (holding that Proposition 200 convictions are felonies for sentencing enhancement purposes notwithstanding the inability of a court to impose a term of imprisonment).

¶**16**     In contrast**,** Rule 609(a)(1) never mentions the word "felony," but instead speaks of crimes "punishable by death and imprisonment in excess of one year."  While the State is correct in noting that the traditional distinction between a felony and a misdemeanor is the possibility of a sentence in excess of one year,[6] the history of Federal Rule of Evidence 609(a)(1) (upon which the Arizona Rule is modeled) indicates that the "imprisonment in excess of one year" language was expressly designed to avoid embroiling the courts in technical disputes as to whether a particular crime was a misdemeanor or a felony under state law.  The Advisory Committee Notes to the 1972 Proposed Rules explain that "[f]or evaluation of the crime in terms of seriousness, reference is made to the congressional measurement of felony (subject to imprisonment in excess of one

---

[6]     *See generally* Advisory Committee Note to Fed. R. Evid. 609(a) (1972) ("For purposes of impeachment, crimes are divided into two categories by the rule: (1) those of what is generally regarded as felony grade, without particular regard to the nature of the offense, and (2) those involving dishonesty or false statement, without regard to the grade of the offense.").

year) rather than adopting state definitions which vary considerably." *Id.*

¶**17**    Thus, the court of appeals' construction of Rule 609(a)(1) is perfectly consistent with *Christian* and *Thues*. While *Christian* and *Thues* make plain that Proposition 200 convictions are felonies, Rule 609(a)(1) turns not on the technical definition of a felony, but rather on the maximum potential sentence that could be imposed for the prior crime. Because A.R.S. § 13-901.01 makes clear that a term of imprisonment cannot be imposed on the basis of a Proposition 200 conviction, the fact that these convictions involve felonies is simply irrelevant under the Rule.

C.

¶**18**    The State also argues that the purposes behind Proposition 200, which was designed to treat a defendant's first two personal drug offenses as a medical matter by providing probation instead of incarceration and requiring drug education and treatment for such offenses, *see State v. Estrada*, 201 Ariz. 247, 249 ¶ 2, 34 P.3d 356, 358 (2001), would not be furthered by excluding Proposition 200 convictions from Rule 609(a)(1).  But this argument misses the point.  All parties concede that Proposition 200 simply does not address the issue before us today.  The question at hand is whether Rule 609(a)(1) permits Proposition 200 convictions to be used for impeachment, and that

12

question cannot be resolved by speculation about what position the proponents of Proposition 200 would have taken on the point had they only considered it.

¶19      What is not subject to dispute is that the voters who approved Proposition 200 adopted legislation expressly providing that Proposition 200 convictions *can never* result in imprisonment in excess of one year.  Rule 609(a)(1), in turn, makes plain that only convictions that subject the defendant to such a potential term of imprisonment are serious enough to be used to impeach a witness' credibility at trial.  Thus, while Proposition 200 may not have removed all collateral consequences from Proposition 200 convictions, *see, e.g., Christian*, __ Ariz. at __ ¶ 20, 66 P.3d at 1247, it plainly placed such convictions outside the purview of Rule 609(a)(1).

D.

¶20      Finally, the State argues that it would be irrational for this Court to interpret Rule 609(a)(1) as forbidding the use of a first and second drug use conviction for impeachment purposes, but allow a third conviction for precisely the same conduct to be so used.  But while Rule 609(a)(1) might have made a different policy choice, we see nothing irrational in its central premise — that only those crimes that the legislative power deems sufficiently serious to merit punishment in excess

of one year in prison are to be used for impeachment purposes of the convicted witness.

¶21　　　　Indeed, the legislature has decided in contexts other than drug offenses that a third conviction for an offense should be treated more seriously than the first two.　Under A.R.S. § 28-1381(C) (Supp. 2001), a first or second conviction for driving under the influence of alcohol or drugs is a class 1 misdemeanor.　However, when the defendant engages in precisely the same conduct for a third time within a period of sixty months after the first offense, the crime is treated as a class 4 felony.　*See* A.R.S. § 28-1383(A)(2) (Supp. 2001) (defining the third offense as "aggravated driving under the influence"); A.R.S. § 28-1383(J)(1) (providing that aggravated driving under the influence is a class 4 felony).

¶22　　　　Thus, under Rule 609(a)(1), the first and second convictions for driving under the influence of alcohol or drugs could not be used to impeach the convicted witness' credibility because the legislature made the decision that these convictions should be punished by jail time of less than one year.　The third offense, however, could be so used, because the legislature has made the decision that such repeat offenses ought to be punishable by imprisonment in excess of one year.

¶23　　　　The legislature can constitutionally treat the third occurrence of criminal conduct in a more serious fashion than

14

the first and second occurrences of precisely the same conduct. *See State v. Renteria*, 126 Ariz. 591, 594, 617 P.2d 543, 546 (App. 1979) (upholding against an equal protection attack a prior version of the drunk driving statutes which prescribed a mandatory sixty-day sentence for those with two prior convictions in the past twenty-four months, and concluding that classifying repeat offenders more harshly than first- or second-time offenders is rational). That is precisely what Proposition 200 does with respect to first- or second-time drug offenders. By treating a third drug offense as a more serious crime than the first two such offenses, Proposition 200 draws precisely the same line as the drunk driving statutes, with precisely the same Rule 609(a)(1) consequences.

## III.

¶**24** For the foregoing reasons, we conclude that Proposition 200 convictions may not be used for impeachment purposes under Rule 609(a)(1). Accordingly, we affirm the court of appeals' opinion denying the State's request for special action relief.

_____

Andrew D. Hurwitz, Justice

CONCURRING:

_____

Charles E. Jones, Chief Justice

15

_____
Ruth V. McGregor, Vice Chief Justice


_____
Rebecca White Berch, Justice


_____
Michael D. Ryan, Justice