239 P.3d 432

STATE of Arizona, Appellee,

v.

Michael HATCH, Appellant.

No. 1 CA–CR 08–0821.

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 24, 2010.

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals and Capital Litigation Section and Sherri Tolar Rollison, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Nicole Farnum, Tempe, Attorney for Appellant.

## OPINION

THOMPSON, Judge.

¶ 1 Michael Hatch (defendant) appeals his convictions for burglary and possession of burglary tools. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Defendant and an accomplice were interrupted by police during a burglary at a vitamin store. After gaining entry to the store, defendant tried unsuccessfully to open or remove the store's safe. Police observed defendant enter a car parked at the rear of the store, and the responding officer testified that defendant "lurched" the car toward him. After an exchange between defendant and the officer, the officer shot defendant, injuring defendant's arm, chest, face, and teeth. Defendant was arrested and indicted on three counts: aggravated assault, third-degree burglary, and possession of burglary tools.

¶ 3 Defendant moved to preclude the state from impeaching him with evidence of a 2007 conviction for possession of drug paraphernalia committed on February 21, 2007, for which defendant was still on probation at the time of the burglary. The trial court denied defendant's motion.

¶ 4 During opening statements, defendant's attorney stated that defendant would admit to burglary and possession of burglary tools and contest only the aggravated assault charge. During direct examination of defendant, his attorney asked him if the state's allegation that he "went into the vitamin store with the intent to commit a theft" was true. Defendant responded, "Yes, it is." Defendant's attorney then asked if the state's allegation that he "had gloves and other things that [he] intended or did use as burglary tools" was true. Defendant again responded, "Yes, it is."

¶ 5 Defendant's attorney later inquired about defendant's prior conviction in order to "draw the sting," *see State v. Ellerson,* 125 Ariz. 249, 251, 609 P.2d 64, 66 (1980), *overruled in part on other grounds by State v. Fettis,* 136 Ariz. 58, 664 P.2d 208 (1983), and defendant admitted the conviction. The state further questioned defendant on this matter during cross-examination, but its questioning was limited to the dates of the

offense and conviction, the county in which defendant was convicted, and the fact that the conviction was for a felony. Defendant was ultimately convicted of burglary and possession of burglary tools, but he was acquitted of aggravated assault. Defendant timely appealed.

## DISCUSSION

■ ¶ 6 Defendant argues that the trial court erred as a matter of law in permitting the state to impeach him with his prior felony conviction because defendant had been sentenced on that conviction under Arizona Revised Statutes (A.R.S.) section 13–901.01(A) (2007).[1] Enacted by voter initiative Proposition 200, A.R.S. § 13–901.01(A) mandates a sentence of probation, rather than imprisonment, for first-time convictions of personal possession or use of controlled substances or drug paraphernalia. *See State v. Vaughn,* 217 Ariz. 518, 521 n. 5, ¶ 15, 176 P.3d 716, 719 n. 5 (App.2008) (citing *O'Brien v. Escher,* 204 Ariz. 459, 461, ¶ 6, 65 P.3d 107, 109 (App. 2003)); *see generally Calik v. Kongable,* 195 Ariz. 496, 990 P.2d 1055 (1999) (recounting the history of Proposition 200). Defendant cites *State ex rel. Romley v. Martin,* 205 Ariz. 279, 69 P.3d 1000 (2003), for the proposition that Arizona Rule of Evidence 609(a) does not permit impeachment with prior convictions sentenced under A.R.S. § 13–901.01(A) because such convictions could not result in imprisonment in excess of one year, as Rule 609(a) requires.

¶ 7 Defendant argues that the trial court ignored *Martin* and erred in holding that defendant's prior conviction satisfied Rule 609(a). The trial court found *Martin* inapplicable due to the intervening passage of voter initiative Proposition 302, which amended A.R.S. § 13–901.01.[2] The court reasoned that defendant's prior conviction satisfied Rule 609(a) because defendant could potentially face imprisonment in excess of one year if found to have failed or refused to complete

---

1. We note that defendant did not waive his argument on appeal by admitting the prior conviction during his attorney's attempt to draw the sting. See *Ellerson,* 125 Ariz. at 251, 609 P.2d at 66.

2. Proposition 302 became effective on November 25, 2002.

drug treatment or if he rejected probation in a future disposition.

¶ 8 We review the trial court's interpretation of a legal rule de novo. *Martin,* 205 Ariz. at 281 n. 3, ¶ 5, 69 P.3d at 1002 n. 3 (citing *State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.,* 196 Ariz. 382, 390, ¶ 37, 998 P.2d 1055, 1063 (2000)). Rule 609(a) provides that evidence of a prior conviction may be used to impeach a witness's credibility if "the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted or (2) involved dishonesty or false statement, regardless of the punishment." Ariz. R. Evid. 609(a).

¶ 9 Defendant is correct that *Martin* held that convictions under A.R.S. § 13–901.01(A) could not be used for impeachment under Rule 609(a). 205 Ariz. at 281, ¶ 7, 69 P.3d at 1002. However, *Martin* explicitly emphasized that, at that time, convictions under A.R.S. § 13–901.01 could *"never* result in imprisonment in excess of one year." *Id.* at 284, ¶ 19, 69 P.3d at 1005; *see also State v. Tousignant,* 202 Ariz. 270, 271–72, ¶¶ 6, 8, 43 P.3d 218, 219–20 (App.2002) (noting that "incarceration [was] not an available option" for Proposition 200 probation violation and that a probation violator could not reject probation) (citing *State v. Hensley,* 201 Ariz. 74, 79, ¶ 21, 31 P.3d 848, 853 (App.2001) (finding that courts are limited to revocation, continuation, or modification of probation terms in the event of probation violation absent specific statutory authorization for other actions)).

¶ 10 Voters amended A.R.S. § 13–901.01 with Proposition 302, which made imprisonment possible in specified circumstances and which was in effect at the time of defendant's prior conviction. *See Vaughn,* 217 Ariz. at 520 n. 3, ¶ 9, 176 P.3d at 718 n. 3; *Raney v. Lindberg,* 206 Ariz. 193, 200 n. 8, ¶ 22, 76 P.3d 867, 874 n. 8 (App.2003). A court can now impose additional probation conditions, including incarceration, for probation violations regarding court-ordered drug treatment, and a court can revoke probation for failure or refusal to participate in drug treatment. A.R.S. § 13–901.01(E), (G). Mandatory probation under A.R.S. § 13–901.01(A) is also no longer applicable if a defendant refuses or fails to complete required drug treatment or rejects probation. A.R.S. § 13–901.01(H)(2)–(3).[3] Although defendant's attorney stated that defendant would not reject probation, a prison sentence under A.R.S. § 13–901.01 is no longer impossible, so *Martin*'s flat prohibition on impeachment no longer applies. Thus, the trial court did not err because defendant could have faced imprisonment in excess of one year under A.R.S. § 13–901.01(G), (H)(2), or (H)(3), thereby satisfying the requirements of Rule 609(a).

¶ 11 Like its federal counterpart, Rule 609(a) traces its origins to the common law's total prohibition on the testimony of those previously convicted of "crimes of infamy": treason, felonies, and crimen falsi.[4] The common law's absolute prohibition eventually evolved to allow such testimony but permitted impeachment of a witness's credibility with the existence of prior convictions for such offenses. *See McCormick on Evidence* § 42, at 74–76 (Kenneth S. Broun ed., 6th ed.2006); Wigmore § 986, at 861. The purpose of the rule is to allow the fact-finder to weigh the witness's testimony by his or her general credibility and veracity. *See*

---

3. The trial court noted that A.R.S. § 13–901.01(H)(4), which makes mandatory probation inapplicable to crimes involving methamphetamine, was not in effect at the time of defendant's prior conviction. It is not entirely clear from the record whether this is accurate. However, the state did not cross-appeal on that issue, so we will not address it sua sponte. *See State v. Dawson,* 164 Ariz. 278, 283–84, 792 P.2d 741, 746–47 (1990).

4. The term "crimen falsi," derived from Roman law, includes crimes of falsehood and deceit, such as forgery and fraud, and crimes that "inju-

riously affect the administration of justice, by the introduction of falsehood or fraud," such as perjury. 3A John H. Wigmore, et al., *Evidence* § 520, at 729–30 (James H. Chadbourn ed., 1970); *see State v. Malloy,* 131 Ariz. 125, 127, 639 P.2d 315, 317 (1981) (limiting the scope of Rule 609(a)'s "dishonesty or false statement" provision to "crimes involving some element of deceit, untruthfulness, or falsification."). Defendant's prior conviction does not fall under this classification, so if it may be used for impeachment, it must be as a prior felony conviction.

Wigmore § 922, at 725–26. "Conviction of a felony is material to a witness's credibility." *State v. Gretzler*, 126 Ariz. 60, 85, 612 P.2d 1023, 1048 (1980), *modified on other grounds by State v. McDaniel*, 136 Ariz. 188, 194, 665 P.2d 70, 76 (1983).

■ ¶ 12 Rule 609(a) allows impeachment with felony-grade convictions (those punishable by more than one year of imprisonment) and crimes of falsehood irrespective of punishment, but it disallows impeachment with other misdemeanor-grade convictions (those punishable by one year or less of imprisonment). All potential impeachments are tempered by the requirements that their probative value outweigh their prejudicial effect and that the conviction not be overly remote in time.[5] The rule's "in excess of one year" distinction "was expressly designed to avoid embroiling the courts in technical disputes as to whether a particular crime was a misdemeanor or a felony under state law." *Martin*, 205 Ariz. at 283, ¶¶ 13–16, 69 P.3d at 1004 (holding that the determination that offenses covered by Proposition 200 remained "felonies" for sentence enhancement purposes, *State v. Christian*, 205 Ariz. 64, 66 P.3d 1241 (2003); *State v. Thues*, 203 Ariz. 339, 54 P.3d 368 (App.2002), was immaterial to the Rule 609(a) question).

■ ¶ 13 In this case, defendant's prior conviction remained potentially punishable by imprisonment in excess of one year until the conditions of his probation were satisfied.[6] Rule 609(a) defines crimes by their possible, rather than actual, punishments. *See Martin*, 205 Ariz. at 283, ¶ 17, 69 P.3d at 1004 ("Rule 609(a)(1) turns not on the technical definition of a felony, but rather on the maximum potential sentence that could be imposed for the prior crime."); *see also State v. Ferguson*, 149 Ariz. 200, 211, 717 P.2d 879, 890 (1986) (finding that military court martial

would be admissible for impeachment if it met all of the Rule 609 criteria); Morris K. Udall & Joseph M. Livermore, 1 *Arizona Law of Evidence* § 47, at 85–86 (3d ed.1991). As *Martin* noted, the central question is whether imprisonment in excess of one year was a *possible* punishment for a defendant's prior crime. 205 Ariz. at 283–84, ¶¶ 17, 19, 69 P.3d at 1004–05.

¶ 14 The current statutory landscape has changed significantly since the time *Martin* was decided. Initially, Proposition 200's flat prohibition on imprisonment was dispositive on the notion of the seriousness of the covered offenses; minor, non-repetitive drug offenses were insufficiently grave to warrant impeachment given the statute's strictly therapeutic, non-punitive approach. *See Calik*, 195 Ariz. at 501, ¶ 19, 990 P.2d at 1060 (finding that the purpose of Proposition 200 was to treat drug abuse as a disease and public health problem best addressed through drug treatment and education). After Proposition 302, however, such crimes are not properly characterized as unserious, but rather as felonies for which drug treatment is offered in the first instance, with incarceration allowed as an adjunct to probation or as a punitive sanction in the circumstances set forth statutorily. Failure or refusal to participate in treatment[7] can now result in revocation of probation and consequent imprisonment, and mandatory probation is inapplicable if a defendant refuses drug treatment or rejects probation. A.R.S. § 13–901.01(G), (H)(2)-(3). This is a dramatic departure from the strictly therapeutic regime that was in place when *Martin* was decided.

■ ¶ 15 Even if we found error in the trial court's decision to allow impeachment, it would be harmless error. "When an issue is raised but erroneously ruled on by the trial court," we review for harmless error. *State*

---

5. In general, prior convictions are only admissible for impeachment if the conviction or release from confinement imposed for the conviction, whichever is later, was within the last ten years. Ariz. R. Evid. 609(b).

6. At the time of his arrest, defendant had apparently failed to meet conditions of his probation, including enrollment in and completion of drug treatment. However, defendant had not yet had

a probation violation hearing at the time of his trial.

7. The probation department or the prosecutor may petition the court for revocation of a defendant's probation "if after having a reasonable opportunity to do so the defendant fails or refuses to participate in drug treatment." A.R.S. § 13–901.01(G).

*v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993). "Error, be it constitutional or otherwise, is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict." *Id.* (citation omitted). To constitute reversible error, the error must actually prejudice the defendant. *State v. Gomez*, 211 Ariz. 494, 499, ¶ 21, 123 P.3d 1131, 1136 (2005) (citation omitted). We conclude beyond a reasonable doubt that defendant was not prejudiced by the use of his prior conviction for impeachment because he admitted the elements of the crimes for which he was convicted.

¶ 16 For the foregoing reasons, defendant's convictions and sentences are affirmed.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge and DIANE M. JOHNSEN, Judge.