NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PATRICK COREY TRACEY, *Appellant.*

No. 1 CA-CR 18-0225
FILED 6-25-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-133540-001
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Grace M. Guisewite
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Acting Presiding Judge Paul J. McMurdie and Vice Chief Judge Peter B. Swann joined.

**J O N E S**, Judge:

**¶1**          Patrick Tracey appeals his convictions and sentences for possession of dangerous drugs, possession of drug paraphernalia, and shoplifting.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**          On July 14, 2016, Tracey was captured on Kmart surveillance video putting on a new pair of boots, placing his old boots in the new-boot box, and exiting  the store without paying for the boots on his feet.[1]  Tracey was also filmed on surveillance video blowing his nose into a tissue and using the tissue to conceal a baggie, later determined to contain 1.27 grams of methamphetamine, in a store trash can.  After a store loss prevention officer pulled the drugs from the trash can, Tracey admitted throwing them into the trash before law enforcement arrived.  Tracey was charged with possession of a dangerous drug, possession of drug paraphernalia, and shoplifting.

**¶3**          After the State provided notice of its intent to attack Tracey's credibility through the introduction of seven prior felony convictions if he chose to testify at trial, the trial court held a hearing to determine their admissibility.  After considering the parties' arguments, the court found "in part the probative value [of the prior convictions] does outweigh the prejudicial effect," limited the State to using three prior convictions, and ordered the nature of the offenses be sanitized.

**¶4**          At trial, Tracey admitted he left the store without paying for the new boots and, after finding methamphetamine in his pocket he believed belonged to his brother, "threw them out . . . [b]ecause [he] didn't

---

[1]          We view the facts "in the light most favorable to sustaining the verdict[s]."  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013) (citing *State v. Stroud*, 209 Ariz. 410, 412, ¶ 6 (2005)).

want to get anyone else into trouble." Tracey also admitted to three unspecified felony convictions, one each in the years 2004, 2005, and 2007.

¶5        The jury found Tracey guilty as charged, and the trial court sentenced him as a non-dangerous, repetitive offender to concurrent, presumptive terms of 10 years' imprisonment for possession of a dangerous drug, 3.75 years' imprisonment for possession of drug paraphernalia, and 6 months' jail time for shoplifting. The court also credited Tracey with forty days of presentence incarceration. Tracey timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        Tracey argues the trial court erred in admitting his 2004, 2005, and 2007 convictions for impeachment purposes. Even assuming error, however, we will still affirm a decision to allow prior convictions as impeachment evidence if the error is harmless beyond a reasonable doubt. *State v. Beasley*, 205 Ariz. 334, 340, ¶ 27 (App. 2003) (citing *State v. Dunlap*, 187 Ariz. 441, 456 (App. 1996)). Error is harmless when "the guilty verdict actually rendered . . . was surely unattributable to the error." *State v. Green*, 200 Ariz. 496, 501, ¶ 21 (2001) (quoting *State v. Bible*, 175 Ariz. 549, 588 (1993)). Such is the case here.

¶7        Tracey relies on *State v. Green* to argue the error was not harmless because "his credibility was the crux of his defense." *See id.* at ¶ 22. Although the degree a defendant's credibility impacts his defense is a consideration in the harmless-error analysis, we do not believe it warrants reversal in light of the overwhelming evidence against Tracey presented in this record. *See State v. Reese*, 26 Ariz. App. 251, 253 (App. 1976) ("In determining whether the use of a prior invalid conviction for impeachment purposes is harmless in the circumstances of a given case, the courts have looked principally to the strength of the evidence against the defendant independent of the prior conviction.") (collecting cases). Unlike the defendant in *Green*, the State's case against Tracey was not circumstantial. *See Green*, 200 Ariz. at 501, ¶ 22. Rather, the State presented uncontroverted video evidence such that the jury was able to watch Tracey commit the offenses. *See State v. Ennis*, 142 Ariz. 311, 318 (App. 1984) (concluding error in admitting prior conviction as impeachment evidence was harmless in

---

[2]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

part because "[t]he state's case was not circumstantial in nature and there is substantial evidence in the record to support the verdict").

**¶8**        Moreover, unlike the defendant in *Green*, Tracey did not deny participating in the events giving rise to the criminal charges. *See Green*, 200 Ariz. at 501, ¶ 22. To the contrary, Tracey confessed to taking the boots and disposing of the methamphetamine shortly after he was apprehended. During his trial testimony, Tracey acknowledged the facts underlying the offenses, seeking only to negate the element of intent through his testimony that he only left the store to get money from his girlfriend to pay for the boots and did not know there was methamphetamine in his pocket until immediately before attempting to dispose of it. But the objective evidence — leaving the old boots in the new-boot box and disposing of the drugs immediately upon apprehension — strongly negate Tracey's suggestion that he lacked intent, notwithstanding the impeachment evidence. *See State v. Hatch*, 225 Ariz. 409, 413, ¶ 15 (App. 2010) (concluding error in admitting prior convictions as impeachment evidence was harmless where the evidence showed the defendant was interrupted in the course of the crime and later admitted the elements of the crimes of which he was convicted); *State v. Bolton*, 182 Ariz. 290, 303 (1995) (concluding error in admitting prior convictions as impeachment evidence was harmless when the defendant's testimony "was wholly independent of his prior convictions and was at least as damaging to him as evidence of those convictions")

**¶9**        Finally, unlike the defendant in *Green*, the record does not suggest the jury gave any particular thought to the prior convictions. *See Green*, 200 Ariz. at 501, ¶ 22. Jurors here did ask questions suggesting they were considering Tracey's version of events. However, the inquiries focused entirely upon his actions — specifically, what else he did or could have done to get his girlfriend's attention and the circumstances surrounding his "discovery" of the methamphetamine in his pocket. For example, jurors wanted to know if Tracey had a cell phone, why he left the store wearing the boots instead of leaving them at the checkout to get his girlfriend, and whether he had had reason to reach into the pocket with the methamphetamine earlier in the day. Unlike *Green*, the jurors' questions were not focused on the nature or existence of Tracey's prior convictions. Thus, the questions did not suggest the jurors were considering Tracey's credibility generally or outside the practicalities of his nonsensical explanation, or otherwise indicate the jurors gave any significant weight to the prior convictions. *Contra id.* at 498, 501, ¶¶ 5, 22 (considering jurors' questions regarding the nature of the defendant's prior convictions as indicative that "knowledge of the defendant's past convictions may have had some effect" on their verdicts).

¶10         The record contains overwhelming evidence of guilt such that we are convinced beyond a reasonable doubt that the verdicts were not affected by the evidence of Tracey's prior convictions for unspecified felony offenses. *See Beasley*, 205 Ariz. at 340, ¶ 27 (concluding error in admitting prior convictions as impeachment evidence was harmless when "[t]he defendant was literally caught with a smoking gun," eyewitnesses observed the events, and the defendant steadfastly refused to implicate other participants); *contra Green*, 200 Ariz. at 501, ¶ 22 (concluding error in admission of prior convictions as impeachment evidence was not harmless where the evidence was entirely testimonial, the defendant denied the charge, and the juror questions suggested the existence of defendant's past convictions affected their verdict); *State v. Malloy*, 131 Ariz. 125, 129 (1981) (concluding error in admission of prior convictions as impeachment evidence was not harmless where the defendant "intended to present his defense through his own testimony, denying that he had committed the [charged offense] and explaining his presence at the scene of the crime. . . . [but] [b]ecause of the trial court's erroneous ruling, . . . decided not to take the stand.  . . . [and] was, therefore, unable to present this defense"). Therefore, Tracey fails to prove reversible error.

## CONCLUSION

¶11         Tracey's convictions and sentences are affirmed.

