IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JUDITH V. BROWN, et al.,
*Plaintiffs/Appellants/Cross-Appellees*,

*v.*

PAUL DEMBOW,
*Defendant/Appellee/Cross-Appellant.*

PAIGE DEMBOW,
*Defendant/Appellee.*

No. 1 CA-CV 19-0054
FILED 2-25-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-012043
The Honorable Rosa Mroz, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Plaintiffs/Appellants/Cross-Appellees*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Michael W. Halvorson, Justin M. Ackerman, Erica J. Spurlock
*Counsel for Defendant/Appellee/Cross-Appellant Paul Dembow*

Thomas Rubin & Kelley PC, Phoenix
By Brian D. Rubin, Kristen A. Briney
*Counsel for Defendant/Appellee Paige Dembow*

---

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1          One Sunday afternoon in November 2015, Howard Brown took his dog for a walk in Paradise Valley. It had been raining, the ground was wet and the skies were overcast and dark. Brown, who was 77 years old at the time, crossed Invergordon Road where there was no crosswalk. At that same time, 20-year-old Paige Dembow was driving south on Invergordon. She was speeding and hit Brown, who later died as a result.

¶2          Brown's widow, adult children and estate (the Browns) brought this wrongful death action against Paige Dembow, her father and others.[1] The trial, held in October 2018, turned on whether Dembow was negligent. Testimony and other trial evidence conflicted, at times in significant ways. The parties called many witnesses, including an eyewitness, police officers, experts and Dembow. The court would not allow the Browns to impeach Dembow with evidence of her unrelated, pre-accident criminal conviction.

¶3          After an eight-day trial, the jury returned a defense verdict. Following the entry of a final judgment, Ariz. R. Civ. P. 54(c) (2020),[2] the Browns filed a timely notice of appeal. This court has appellate jurisdiction

---

[1] Although her father cross-appealed to address the family purpose doctrine, based on the resolution of the case, that cross-appeal is moot. This opinion refers to Paige Dembow simply as Dembow.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I. Jurisdiction is Proper, and the Browns Did Not Waive Their Rule 609 Argument.

¶4 The Dembows argue appellate jurisdiction is lacking because the Browns did not file a motion for new trial challenging the sufficiency of the evidence. An appeal "shall not consider the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for a new trial was made." A.R.S. § 12-2102(C). The Browns' reply on appeal, however, disavows challenging the sufficiency of the evidence. Thus, the failure to file a motion for new trial on that ground is not dispositive.

¶5 The Dembows also argue the Browns waived their argument that the superior court misapplied Arizona Rule of Evidence 609 in prohibiting their attempt to impeach Dembow. The Browns, they claim, did not raise the interrelationship between Rule 609 and A.R.S. § 13-604. The Browns, however, raised Rule 609 at a pretrial conference, in a pretrial motion and at trial. In opposition, the Dembows addressed both Rule 609 and A.R.S. § 13-604. These filings gave the court an adequate "opportunity to correct any asserted defects before error may be raised on appeal." *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (citations omitted). Thus, the Browns did not waive the Rule 609 arguments they press on appeal.

### II. The Superior Court Properly Applied Rule 609(a)(1)(A).

¶6 The Browns argue the superior court misapplied Rule 609, causing reversible error, when it precluded their attempt to impeach Dembow with her conviction. This court reviews evidentiary rulings for an abuse of discretion, *see Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996), reviewing questions of law, including the interpretation of rules, de novo, *see State v. Winegardner*, 243 Ariz. 482, 484 ¶ 5 (2018). "The burden of establishing admissibility lies with the proponent of the testimony" — here, the Browns. *State v. Haskie*, 242 Ariz. 582, 586 ¶ 16 (2017).

¶7 In March 2015, Dembow pled guilty to possession of drug paraphernalia, a Class 6 undesignated felony committed in September 2013. She was placed on supervised probation for 18 months. In August 2016, at the recommendation of her probation officer, the court designated the

offense a misdemeanor. *See* A.R.S. § 13-604.[3] The court discharged Dembow from probation in September 2016.

**¶8**　　　　In October 2018, Dembow testified at the trial in this wrongful death case. The court, however, did not allow the Browns to impeach Dembow with her conviction under Rule 609 because, by then, the conviction had been designated a misdemeanor. Assessing the Browns' argument that this was reversible error turns on limitations in the use of character evidence at trial and the terms and history of Rule 609 and A.R.S. § 13-604.

**¶9**　　　　Unless subject to an exception, "[e]vidence of a person's character or a trait of character is not admissible for the purposes of proving action in conformity therewith on a particular occasion." Ariz. R. Evid. 404(a); *accord* Morris K. Udall, *Arizona Law of Evidence* § 114 at 219 (1960) (stating common-law rule that "evidence of the good or bad character or reputation of a party is generally not admissible in a civil action") (footnote omitted). One such exception is that, under Rule 609, a party may

> attack[] a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case . . . .

Ariz. R. Evid. 609(a)(1)(A).[4] Although Rule 609 does not use the term felony, felony convictions under Arizona law are "punishable by death or by imprisonment for more than one year," while misdemeanors are not. Ariz.

---

[3] The Browns ask this court to take judicial notice of documents they submitted from the superior court's file in Dembow's criminal case. The Dembows object and moved to strike. Denying the Dembows' motion to strike, the court grants the Browns' request to take judicial notice. *See* Ariz. R. Evid. 201.

[4] There is no indication the court precluded impeachment under Rule 403. Although not applicable here, different exceptions apply when the witness is a defendant in a criminal case, Ariz. R. Evid. 609(a)(1)(B), or where a conviction was "for any crime regardless of the punishment" requiring proof of "a dishonest act or false statement," Ariz. R. Evid. 609(a)(2).

R. Evid. 609(a)(1); *see State ex rel. Romley v. Martin*, 205 Ariz. 279, 283 ¶ 16 (2003). Thus, and recognizing that "Rule 609(a) defines crimes by their possible, rather than actual, punishments," *State v. Hatch*, 225 Ariz. 409, 412 ¶ 13 (App. 2010), the issue is whether Dembow could be impeached with her conviction under Rule 609(a)(1)(A) when she testified in October 2018.[5]

**¶10**  A court may designate certain Class 6 undesignated felonies as misdemeanors, either at or after sentencing:

> Notwithstanding any other provision of [Arizona's Criminal Code], if a person is convicted of any class 6 felony not involving a dangerous offense and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or may place the defendant on probation . . . and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor.

A.R.S. § 13-604(A). Arizona's appellate courts have not addressed whether such a designation made after sentencing precludes later use of such a conviction for impeachment under Rule 609(a)(1).[6]

---

[5] From 1996 to 2002, under Proposition 200 (a voter initiative), Dembow could not have been impeached with her conviction regardless of whether it was reduced to a misdemeanor. *See Martin*, 205 Ariz. at 284 ¶ 19, 285 ¶ 24. But Proposition 302, adopted by voter initiative in 2002, undid the central holding in *Martin*. *See Hatch*, 225 Ariz. at 412 ¶¶ 13-14.

[6] A few other states have provisions providing certain offenses may either be deemed felonies or misdemeanors, sometimes called "wobblers." *See, e.g.*, *People v. Terry*, 54 Cal. Rptr. 2d 769, 771 (Ct. App. 1996) ("In the case of

¶11		The accident that led to this civil action occurred in November 2015, the conviction was reduced to a misdemeanor in August 2016 and Dembow testified at trial in October 2018. The question, then, is whether the Browns could impeach Dembow when she testified at the October 2018 trial.

¶12		If the court had designated the offense a misdemeanor when Dembow pled guilty in March 2015, she would not have been subject to "imprisonment for more than one year" and the conviction could not have been used for impeachment under Rule 609(a)(1). *See State v. Malloy*, 131 Ariz. 125, 126-27 & n.1 (1981) (where jury verdict for Class 6 undesignated felony was designated a misdemeanor at sentencing, "it is clear that the . . . conviction does not come within Rule 609(a)(1)"). *Malloy* came to that conclusion even though "Arizona law defines a conviction as a determination of guilt by verdict . . . ; formal entry of judgment is not required." *In re Lazcano*, 223 Ariz. 280, 282 ¶ 7 (2010).

¶13		Unlike *Malloy*, however, the court did not designate Dembow's conviction a misdemeanor at sentencing, waiting instead to do so as she was completing probation 18 months later. This means that, from March 2015 when she pled guilty until the designation as a misdemeanor in August 2016, Dembow faced a possible prison sentence for more than one year. *See* A.R.S. § 13-702(D). For that 18-month period, Dembow could have been impeached with the conviction under Rule 609(a)(1).

¶14		The common law provides the foundation for Rule 609(a), which was adopted in 1977. *See Winegardner*, 243 Ariz. at 485 ¶ 8.

> At common law a convicted felon was utterly incompetent and could not be a witness. In Arizona, as elsewhere, this former ground of disability is now only a matter of impeachment, and the mere fact that a witness is an ex-convict does not, of itself, forbid his testimony from

---

wobblers, the characterization of the crime is dependent upon the actual punishment imposed. When a defendant is sentenced to state prison, the offense is a felony; when the defendant is sentenced to county jail, the offense is a misdemeanor.") (citations omitted); *Leeth v. State*, 868 N.E.2d 65, 67 (Ind. Ct. App. 2007) (discussing Ind. Code § 35-50-2-7); 21 Am. Jur. 2d Criminal Law § 27, Westlaw (database updated Feb. 2020) (discussing "wobblers" and designation statutes).

> being received. The credibility of a felon, like that of any other witness, is for the jury. But any witness who has testified may be impeached by proof that he has been convicted of a felony.

Udall, *supra* § 67, at 102 (footnotes omitted). The Arizona common-law rule was "that convictions for misdemeanors were not admissible for impeachment." *Malloy*, 131 Ariz. at 127 (citing *State v. Daymus*, 90 Ariz. 294, 302-03 (1961)); *cf. State v. Harris*, 73 Ariz. 138, 142 (1951) ("on cross-examination specific acts of misconduct cannot be shown unless the witness has been convicted of" a "felonious crime") (citing cases).

**¶15**　　　　This distinction reflected "the theory that a major crime" — a felony in Arizona — "entails such an injury to and disregard of the rights of other persons that it can reasonably be expected the witness will be untruthful if it is to his advantage." *Malloy*, 131 Ariz. at 127 (citing Fed. R. Evid. 609 Advisory Committee Notes). By contrast, "[m]isdemeanors which do not contain an element of deceit or falsification are not simply low in probative value, but more often than not wholly lack such probative value." *Id.* at 127-28. Stated bluntly, the common law view was that felons were prone to lie (and could be impeached with felony convictions), while misdemeanants were not.

**¶16**　　　　The Arizona Rules of Evidence largely retain this distinction. The focus of impeachment turns on whether the witness, when testifying, is a felon: a conviction for a crime "punishable by death or by imprisonment for more than one year." Ariz. R. Evid. 609(a)(1). When she testified at trial, Dembow was not a felon. At common law, Dembow could not have been impeached with her misdemeanor conviction when she testified. *See, e.g.*, *Malloy*, 131 Ariz. at 127-28; *Daymus*, 90 Ariz. at 302-03; *Harris*, 73 Ariz. at 142. Rule 609(a) "traces its origins" to these same common-law rules: "[c]onviction of a felony is material to a witness's credibility," while impeachment with "misdemeanor-grade convictions" generally is not. *Hatch*, 225 Ariz. at 411-12 ¶¶ 11-12 (citation omitted). The Browns have not shown that Rule 609 changed that result. Because Dembow was not a felon when she testified at trial, under Rule 609(a)(1)(A), the court properly found she could not be impeached with her conviction.

**¶17**　　　　The Browns argue Dembow's conviction could be used for impeachment unless it was "the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure" based on a finding of rehabilitation or innocence under Rule 609(c). In substance, the Browns argue that Dembow's conviction could be used for impeachment unless it

fit a Rule 609(c) exception. Not so. Rule 609(c) is not the exclusive means for limiting the use of criminal convictions for impeachment. Along with the requirements of Rule 609(a), other parts of Rule 609 limit the use of convictions or adjudications for impeachment. *See* Ariz. R. Evid. 609(b) (limiting use based on age of the conviction); Ariz. R. Evid. 609(d) (limiting use of juvenile adjudications). Similarly, although not mentioned in Rule 609, a conviction reversed on appeal is not admissible for impeachment. *Cf. United States v. Russell*, 221 F.3d 615, 620 n.6 (4th Cir. 2000) ("[I]t is elementary that once a conviction has been reversed, it cannot be used to impeach the accused."). Simply put, Rule 609(c) does not comprehensively list the only bases for exclusion of a conviction offered for impeachment.

¶18 The Browns also cite *State v. Tyler*, 149 Ariz. 312 (App. 1986), in arguing "that even if a felony conviction has been set aside or probation has ended, Rule 609 permits use of the felony conviction." *Tyler* concluded that a felony conviction set aside under what is now A.R.S. § 13-905 could qualify for impeachment under Rule 609. 149 Ariz. at 315. That statute, however, provides that "[a] conviction that is set aside may be . . . [u]sed as a conviction if the conviction would be admissible had it not been set aside." A.R.S. § 13-905(E)(1). There is no comparable directive when an offense is designated a misdemeanor under A.R.S. § 13-604(A), as happened here.

¶19 An undesignated felony conviction "shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor." A.R.S. § 13-604(A). Noting the statute does not address how a conviction should be treated after such a designation, the Browns argue precluding impeachment with a conviction designated a misdemeanor would effectively rewrite Section 13-604. But Section 13-604 is silent about how a conviction should be treated after it is designated a misdemeanor. And the Browns concede that, under Section 13-604, a conviction can "be treated as a felony conviction for some purposes and not for other purposes. That would depend on the wording of other statutes and rules." Thus, the Rule 609 analysis is not trumped by Section 13-604.

¶20 Finally, the Browns state their position "is consistent with caselaw from other jurisdictions," citing *State v. Skramstad*, 433 N.W.2d 449 (Minn. App. 1988) (2-1 decision) and *State v. Farzaneh*, 468 N.W.2d 638 (N.D. 1991). The *Skramstad* majority applied a Minnesota statute, unknown to Arizona law, stating a felony conviction automatically "is deemed to be . . . a misdemeanor" if the defendant is discharged from probation without serving prison time. 433 N.W.2d at 452 (citation omitted). It found a conviction "deemed" a misdemeanor under that statute did not constitute

a "finding of rehabilitation" under Minnesota's Rule 609(c), adding that "reference to felonies reduced to misdemeanor status is notably absent from the comment to this rule." *Skramstad*, 433 N.W.2d at 452. A concurring judge disagreed, noting the majority's analysis "is inconsistent with both the statute's language and its apparent purpose." *Skramstad*, 433 N.W.2d at 455 (Leslie, J., concurring specially). *Farzaneh* found an order apparently restoring the defendant's civil rights for a Minnesota conviction was "not enough to establish rehabilitation" under North Dakota's Rule 609(c), and in a footnote construed a North Dakota statute "similarly" to the *Skramstad* majority's view of Minnesota law. 468 N.W. 2d at 641 n.3.

**¶21** These cases are not persuasive for several reasons. They applied laws that differ from Arizona law and were not construing A.R.S. § 13-604 or a similar statute. Their primary focus was rehabilitation under Rule 609(c). Here, by contrast, the issue is whether Dembow was a felon when she testified at trial. Finally, to the extent that the *Skramstad* majority found Minnesota's Rule 609(a)(1) "addresses the maximum sentence possible at the time of conviction" without regard to the later designation of the offense, 433 N.W.2d at 453, such a finding would conflict with binding Arizona precedent, *Malloy*, 131 Ariz. at 126-27.

**¶22** Dembow was not a felon when she testified at trial here. As a result, the superior court properly applied Rule 609(a)(1)(A) in prohibiting the Browns from using her misdemeanor conviction for impeachment. Nor was that conviction admissible under Rule 609(a)(1)(B). Thus, the Browns have shown no error.

## CONCLUSION

**¶23** The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA